**STATE of Missouri,**
**Plaintiff-Respondent,**

v.

**Lawrence H. VALERIUS,**
**Defendant-Appellant.**

**No. 47097.**

Missouri Court of Appeals,
Eastern District,
Division Three.

June 26, 1984.

Kevin Robert Kelly, Florissant, for defendant-appellant.

Theodore G. Pashos, Pros. Atty., Union, for plaintiff-respondent.

KAROHL, Presiding Judge.

Defendant-appellant appeals from a judgment of guilty of driving while intoxicated, § 577.010.1 RSMo 1978, in a court tried case.

In lieu of a hearing the parties stipulated to the police report of the arresting officer. The report indicated that a brown Buick operated by defendant was weaving down the interstate at a slow rate of speed when it skidded and landed backwards on the median. When defendant got out of the car he was confused, incoherent in his speech and stumbling. The highway patrolman detected a faint odor of alcoholic beverage. Defendant was arrested for Failure to Drive to Right Half of Roadway and for Driving While Intoxicated. He agreed to submit to a Breathalyzer test which showed a small amount of alcohol in his blood, but not enough to move the needle on the Breathalyzer from .00% to .01%. Defendant was able to count to ten but unable to count the money in his possession, recite the alphabet, walk a straight line or touch his nose with his finger. There was no evidence that defendant was under the influence of any drug.

On this evidence the trial court found defendant guilty of driving while intoxicated and fined him $500 plus costs. On appeal defendant maintains that the state failed to make a submissible case on the charge of driving while intoxicated or drugged because the Breathalyzer test showed no influence of alcohol and there was no evidence of drug use.

On a written stipulation of facts the appellate court is as well equipped as the trial judge to decide the facts. *State ex rel. White Advertising International v. State Highway Commission of Missouri,* 655 S.W.2d 860, 862 (Mo.App.1983). The judgment of the trial court will be sustained unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares of applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

Section 577.037.1 RSMo Supp. 1982 creates a rebuttable presumption of no intoxication if there is less than .05 percent alcohol in the blood· when the Breathalyzer test is performed.[1] The state failed to rebut the presumption in this case. It is not necessary to submit the results of a chemical test to prove that an individual is intoxicated, *State v. Crawford*, 646 S.W.2d 841, 842 n. 2 (Mo.App.1982), because any lay witness who has had a reasonable opportunity to observe the defendant can give an opinion on intoxication. *State v. Farmer*, 548 S.W.2d 202, 205 (Mo. App.1977). Here the arresting officer had an opportunity to observe the defendant, but the police report fails to rebut the presumption because the officer never expressed an opinion on whether defendant was intoxicated. The report sets forth facts which indicate that defendant may have been incapable of safely driving a motor vehicle but does not establish that his disability was intoxication.

Nor has the state shown that defendant was in a drugged condition, the alternative charge under § 577.010.1 RSMo 1978. The police report indicates that no drugs or paraphernalia were found, and defendant did not have needle marks or scabs.

As there is no evidence to rebut the presumption that defendant was not intoxicated, and because the judgment was against the weight of the state's own evidence, the judgment is reversed.

REINHARD and CRANDALL, JJ., concur.

---

[1]. This was the law in effect at the time the case was tried. The law was subsequently changed to dismiss with prejudice charges of driving while intoxicated when there is less than .10% of alcohol in an individual's blood, (subject to limited exceptions) § 577.037 RSMo Supp.1983.