**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Terri Kimm (Hood) BROWN,
Defendant-Appellant.**

**No. 13744.**

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 26, 1984.

John D. Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Ronald F. Fisk, Public Defender, Nevada, for defendant-appellant.

PREWITT, Chief Judge.

Following jury trial, defendant was convicted of felony stealing and sentenced as a prior offender to four years' imprisonment. She was identified by two witnesses as having taken a television set from a Wal-Mart Store in Nevada without the store's consent.

On appeal she contends that the trial judge erred in refusing to allow a defense witness, Debra Butler, to testify that there was a person in Nevada "who looks exactly" like defendant. In the offer of proof Butler testified that the woman "looks so much like Terri, she has her nose and everything". Butler said that the other person "could pass as Terri's exact twin sister." The asserted "twin" was identified at the hearing on the motion for a new trial as Lori McManis.

Butler said that the night before the trial she had seen McManis at a department store and a person with her had mistaken McManis for defendant. Butler said she "looked at her real good" and knew it wasn't defendant. Butler knew the man that McManis was with.

The trial judge denied defendant's offer because he believed if there was such a person she should have been brought into court. Defendant acknowledges that opinion testimony by a lay witness is ordinarily excluded at trial, but asserts that this was a situation where the witness had sufficient knowledge of the facts and subject matter that her opinion should have been allowed and that this evidence could not be effectively presented in any other manner.

At the hearing on the motion for new trial, McManis was present in the courtroom. The witnesses who had identified defendant at trial were separately brought into the courtroom with defendant and McManis present, and again identified defendant as having taken the television.

Miss McManis then testified that she had known the defendant for two years. She said that defendant also knew the man she was living with. She testified that she was five foot, six inches tall and weighed about 119 pounds. The trial court apparently took judicial notice of a statement given by defendant when she was arrested that she was five foot three inches tall and weighed 130 pounds.

"Opinions which witnesses form from observed facts are competent evidence only where it is impossible or impracticable to

place the facts before the jury in such a way that the jury may draw its own conclusion from the facts." *Scott v. Scott*, 612 S.W.2d 61, 63 (Mo.App.1981).

 Where it is impossible or impractical to present only facts to the jury, relevant matters are often presented by opinion. In many instances practical considerations allow lay witnesses to testify to conclusions they make. An observer is permitted to state natural inferences from observed conditions or occurrences or the impression made on his mind by a number of connected facts whose detail cannot be placed before the jury. See *Travelers Indemnity Co. v. Woods*, 663 S.W.2d 392, 399 (Mo. App.1983); 32 C.J.S. Evidence, § 444, p. 56. Such evidence is often a "matter of necessity or expediency". 2 Jones on Evidence § 404, p. 752 (5th ed. 1958).

Lay witnesses, as well as seemingly well-qualified experts often disagree on matters of opinion, perhaps misleading and confusing the fact finder. Where reasonably practical, the fact finder should be presented with facts, not opinions, and reach conclusions based on those facts.

Here opinion evidence was not required. The information sought to be shown could have been presented without it. The record indicates that McManis could have been brought to the trial. Debra Butler testified that she told defendant's attorney of McManis "about a month" before the trial. Defendant had met McManis and defendant and Debra Butler knew the man McManis was living with. Butler saw them together the night before the trial commenced.

Whether one person resembles another sufficiently that persons could mistake them is a matter of opinion which can vary with each observer. Where such could be the case, every effort should be made to have the person before the jury.

We are not saying that opinion testimony of resemblance to another should never be allowed as that is not before us. We are holding that where the person sought to be compared to the defendant is available, he or she should be presented so the jury can be fully apprised and can make a determination as to whether or not the identifying witnesses could have been mistaken.

As it does not appear that there would have been any difficulty in presenting the jury with the better evidence, the person herself, we do not think the trial court abused its discretion in excluding the testimony offered.

The judgment is affirmed.

HOGAN, P.J., and MAUS and CROW, JJ., concur.