**STATE of Missouri, Respondent,**

v.

**Billy Joe HILL, Appellant.**

**No. WD 43709.**

Missouri Court of Appeals, Western District.

June 25, 1991.

James F. Crews, Tipton, for appellant.

Jeff A. Mittelhauser, Pros. Atty., Sedalia, for respondent.

Before BERREY, P.J., and ULRICH and BRECKENRIDGE, JJ.

BERREY, Judge.

Billy Joe Hill appeals his convictions arising out of three separate charges of driving while intoxicated, § 577.010, RSMo 1986, which were consolidated and heard in a court-tried case. He was sentenced to thirty days in case No. CR689–1772M, ninety days in case No. CR690–235M and one hundred and eighty days in case No. CR690–658M. Affirmed.

Appellant presents twelve points on appeal: (1) trial court error in No. CR690–658M because the state did not sustain its burden of proof on the issue of whether appellant operated a motor vehicle while intoxicated; (2) trial court error in allowing evidence obtained in appellant's arrest in No. CR690–658M to be considered as such evidence was tainted as officer did not have reasonable grounds for the arrest; (3) error in admitting evidence regarding a police scanner report in No. CR690–235M; (4) tri-

al court error in allowing testimony of appellant's combative state in CR690–235M as such testimony was conclusory; (5) error in allowing opinion of officer that appellant was intoxicated in CR690–235M as the state failed to show that the officer had a lawful basis to arrest appellant and determine sobriety; (6) error in permitting evidence in all three instances concerning field sobriety tests as such were presented without any foundation as to relevancy; (7) error in allowing an officer to testify that appellant's vehicle was following another vehicle too closely in No. 689–1772M; (8) error in permitting the state to ask officer about his observations as to appellant's behavior and appearance as such was a "roving commission"; (9) error in sustaining an objection as to defense counsel's question to appellant's wife as to whether appellant ever drove 77 miles per hour on Route 135 as the question was relevant; (10) error in finding appellant guilty in No. CR690–235M because the location of the alleged offense was not established; (11) error in allowing officer to testify that appellant missed a few letters in an ABC field sobriety test because testimony failed to state what letters were missed; and (12) trial court error in permitting officer to testify that he had completed an alcohol influence report because such report was not proof of guilt.

NO. CR689–1772M

On December 1, 1989, Trooper Michael McClain of the State Highway Patrol, noticed a red Ford pickup following another vehicle too closely. He followed the pickup which was weaving within its lane and speeding. Trooper McClain stopped the vehicle and found that Billy Joe Hill, appellant, had been operating it. The officer requested that appellant accompany him back to his patrol car. Hill was unsteady on his feet and the officer detected a strong odor of alcohol upon Hill's breath. Hill was informed by Officer McClain that the officer believed him to be driving under the influence of alcohol.

Officer McClain administered a series of field sobriety tests to appellant. Appellant did not perform any of these tests adequately. Hill swayed during the heel-to-toe and began the test on his own before the officer told him to do so. During the one-legged stand Hill hopped and used his arms to balance; he put his foot down several times and was unable to complete the test. Hill missed a few letters in the recitation of his ABC's. Officer McClain also administered a manual dexterity test wherein appellant was asked to count on his fingers and indicate one, two, three, four, four, three, two, one. Appellant counted correctly but was unable to point to his fingers.

Officer McClain placed appellant under arrest and transported him to the Pettis County Sheriff's Department for a breathalyzer. After informing Hill of the implied consent law, the test was given yielding a result of .14%. Appellant denied going over sixty miles per hour and denied that he was intoxicated although he admitted to having three or four beers prior to being stopped.

NO. CR690–235M

On February 20, 1990, Pettis County Deputy Kevin Bond was at his home when he was dispatched to investigate a suspicious vehicle parked in someone's driveway a short distance away. Deputy Bond saw a red Ford pickup in the driveway. When the deputy illuminated the vehicle the driver quickly lay down in the seat.

No one but appellant was in the truck and the engine of the truck was running. The officer detected the odor of intoxicating beverages on appellant's breath. Appellant's speech was slurred, he was stuttering and at times incoherent. His eyes were bloodshot and he had a staring gaze. The officer placed Hill under arrest for driving while intoxicated. Appellant became rather combative and had trouble walking. He staggered as he walked to the officer's car. Hill refused to take any field sobriety tests. He also refused to take a breathalyzer test.

NO. CR690–658M

Sedalia police officer William Broaddus was dispatched to the scene of an accident on May 10, 1990, at about 1:00 a.m. Hill identified himself as the driver of the vehicle, which had crashed into a light pole.

Officer Broaddus noticed the odor of alcohol on appellant's breath. After reading appellant his rights, the officer asked appellant how much he had to drink. Hill admitted to drinking seven or eight beers. Field sobriety tests were administered. Hill could only recite to the letter Q on the ABC recitation test. Because Hill claimed that he had bad knees, he was not given the one-legged stand test. Instead, the walk-and-turn test was administered. The officer demonstrated the test but Hill could not successfully complete it. He walked off the center line, used his arms for balance and took an incorrect number of steps. The officer placed Hill under arrest and took him to the emergency room. After being looked at by the attending physician, Hill was transported to the Sedalia Police Department for blood alcohol testing.

■ On appeal, the standard for review is enunciated in *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976). The judgment of the trial court will be affirmed unless it is not supported by substantial evidence, is against the weight of the evidence or erroneously declares or applies the law. *Id.* at 32. Review is done in the light most favorable to the state, giving the state the benefit of all reasonable inferences and disregarding all contrary evidence and unfavorable inferences. *State v. Mallett,* 732 S.W.2d 527, 530 (Mo. banc), *cert. denied,* 484 U.S. 933, 108 S.Ct. 309, 98 L.Ed.2d 267 (1987).

Appellant, in Point I, claims that the trial court erred in No. CR690–658M in finding him guilty because there was not proof that he operated the vehicle while intoxicated. Specifically appellant claims that there was no evidence as to the length of the interval between the accident and the officer's arrival at the scene and that there was no evidence that appellant did not become intoxicated between the accident and the arrest. Appellant relies upon *State v. Dodson,* 496 S.W.2d 272 (Mo.App.1973), and *State v. Liebhart,* 707 S.W.2d 427 (Mo. App.1986). Both of these cases are inapposite. In both cases there appeared to be a sufficient interval for the defendant to

have consumed intoxicants after the accident. In *Dodson* the defendant's testimony established that when he arrived home after his accident, defendant "took three big drinks of whiskey." *State v. Dodson, supra,* 496 S.W.2d at 273. In *Liebhart* defendant was found sitting in his car down an embankment. No evidence was introduced as to the interval between the officer's arrival and the accident, nor was evidence introduced about the absence of intoxicants at the scene.

■ In the instant case appellant's own testimony establishes a short interval between the accident and Officer Broaddus' arrival. Appellant stated: "I had just wrecked the truck, and he was asking me questions. . . ." Furthermore, appellant's testimony also provides evidence of his intoxicated condition while driving the truck. He testified to having seven or eight beers before the accident. His last drink was taken about an hour before the accident occurred. Given the short interval of time and appellant's own admitted consumption, no error on the part of the trial court occurred. Appellant's Point I is denied.

Similarly, appellant's Point II is without merit as it is derivative of Point I. Appellant claims that since there was no evidence as to when the violation occurred, Officer Broaddus was without reasonable grounds to believe that a violation of § 577.010 had occurred and thus the evidence gathered by the officer was tainted. In Point I we have already addressed the argument as to time and have found appellant's allegations groundless. Appellant's Point II is denied.

■ In Point III appellant claims that the court erred in No. CR690–235M in allowing evidence about a police scanner report to be received because such evidence was hearsay. This point is devoid of any merit. It is well settled that where the evidence is not offered to prove the truth of a matter asserted but to explain the subsequent actions of the person testifying such evidence is subject to an exception to the hearsay rule. *State v. ·Calmese,* 657 S.W.2d 662, 663 (Mo.App.1983). It is made clear in the transcript that the evidence of

the police scanner report was being utilized in explaining Deputy Bond's later actions. Appellant's Point III is denied.

■ Next appellant argues that the trial court erred in permitting testimony in No. CR690–235M that he was combative and resistant. Although it is not too clear what appellant is getting at, it seems that he questions Deputy Bond's qualifications in describing appellant's behavior. Somewhat confusingly, appellant develops his point using Officer McClain's testimony from the first incident, No. CR689–1772M. We will not consider that portion of the argument dealing with Officer McClain's testimony. Appellant review is done only for matters raised in the Points Relied On. *State v. Hanson,* 587 S.W.2d 895, 903 (Mo.App. 1979). If appellant is claiming that Deputy Bond's testimony as to appellants behavior in error, appellant misapprehends the nature of such testimony.

■ Deputy Bond testified, "He [Hill] was rather combative with me. I didn't have a problem with him, but he did resist to some extent." Assuming arguendo that this is, in fact, opinion evidence given by a lay person it is still admissible. Where a witness has personally observed events he is permitted to testify as "to his 'matter of fact' comprehension of what he has seen in a descriptive manner which is actually a conclusion, opinion or inference, if the inference is common and accords with the ordinary experiences of everyday life." *Travelers Indem. Co. v. Woods,* 663 S.W.2d 392, 399 (Mo.App.1983). In the instant case the officer personally observed Hill and was matter-of-factly relating these observations to the court. Appellant's Point IV is denied.

Appellant in Point V claims that the court erred in admitting evidence that the arrest was made in No. CR690–235M and that the officer's opinion was that Hill was intoxicated as such evidence was offered without a showing that the officer had probable cause to arrest Hill. Point V is violative of Rule 30.06(d). Appellant fails to explain why he believes the arrest was illegal and why Officer Bond lacked probable cause. His argument is of no help as it

is a somewhat strained black letter rendition of the fruit of the poisonous tree doctrine. *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). This court is not obligated to make appellant's arguments for him. We are not obligated to search the record desperately seeking clues to conclusory and obtuse riddles. *See State v. Maxson,* 755 S.W.2d 277 (Mo.App.1988). Accordingly, Appellant's Point V is dismissed.

■ In Point VI appellant claims that the trial court erred in all three instances in allowing in evidence of field sobriety tests because these tests are without foundation showing their relevancy. Appellant cites *State v. Valerius,* 672 S.W.2d 726 (Mo.App. 1984), as support for this proposition. Save that *Valerius* deals with a driving while intoxicated offense it bears no semblance of relevancy to appellant's Point. Field sobriety tests are routinely admitted as evidence. *See Kranz v. Director of Revenue,* 764 S.W.2d 508 (Mo.App.1989); *Williams v. Director of Revenue,* 721 S.W.2d 797 (Mo.App.1986); *Miller v. Director of Revenue,* 719 S.W.2d 787 (Mo. 1986); *State v. Armistead,* 655 S.W.2d 852 (Mo.App.1983); *Montesano v. James,* 655 S.W.2d 137 (Mo.App.1983); *City of Clinton v. Kammerich,* 642 S.W.2d 353 (Mo.App. 1982); *State v. Williams,* 565 S.W.2d 749 (Mo.App.1978). No claim has been made that the officers in question were not competent to perform these tests. To claim, as appellant does here, that such tests are irrelevant approaches the outer limits of absurdity. Appellant's Point VI is denied.

■ In Point VII appellant complains that the trial court erred in No. 689–1772M in allowing Officer McClain to testify that appellant's vehicle was following another vehicle too closely. Again appellant claims that such testimony was not proper testimony for a "lay" witness. Assuming arguendo that a highway patrol officer can be considered a lay witness, appellant's argument still fails. "Witnesses are permitted to express conditions in terms understandable to the average person, even though the term utilized is a summary of a combination of sensory impressions or sep-

arate physical conditions." *Travelers Indem. Co. v. Woods, supra,* 663 S.W.2d at 399. The officer's testimony that, "The red Ford pickup truck was following another vehicle too closely, sir," fits within the permissible boundaries for such testimony. Appellant's Point VII is denied.

■ In Point VIII appellant claims that the question put to Officer McClain in No. CR689–1772M, "What else did you notice about his behavior or appearance at that time," gave a "roving commission" to the officer to testify as to any matter he wished without observation. Appellant cites *State ex rel. State Highway Commission v. Bengal,* 124 S.W.2d 687 (Mo.App. 1939), for the proposition that witness cannot determine for himself what evidence is competent. The question put to the witness in *Bengal* concluded "and whatever you think will be of interest to the jury." *Id.* at 689. The question posited Officer McClain cannot remotely be compared with that condemned in *Bengal* despite appellant's inept efforts to do so. Taken in the context of the officer's testimony concerning Hill's unsteadiness on the way to the patrol car, the question was perfectly proper. Appellant's Point VIII is denied.

■ Appellant, in Point IX, takes exception to the trial court's sustaining an objection to defense counsel's question to Barbara Hill about whether she had ever known appellant to drive seventy-seven miles an hour on Route 135. Appellant claims that the question confirmed appellant's testimony regarding speed as it was not his practice to drive at excessive speeds.

A party desiring to preserve the exclusion of evidence as an issue must make an offer of proof where feasible to do so. *Bussell v. Leat,* 781 S.W.2d 97, 102 (Mo. App.1989). No offer was made in the instant case and we decline to speculate as to what the evidence might have been. Appellant's Point IX is denied.

■ Point X charges error on the part of the trial court in finding appellant guilty in No. CR690–235M because the offense did not occur on a public highway. This is the instance in which appellant was found behind the wheel of his truck with the motor running in a driveway. The corpus delicti of driving while intoxicated consists of evidence that someone operated a motor vehicle while they were intoxicated. *State v. Stimmel,* 800 S.W.2d 156 (Mo.App.1990). There is no requirement that it be either alleged or proved that the vehicle was operated by the accused on a public road or highway. *State v. Hollis,* 800 S.W.2d 69 (Mo.App.1990); *State v. Barker,* 490 S.W.2d 263 (Mo.App.1973); *State v. Weston,* 202 S.W.2d 50 (Mo.1947). Appellant's Point X is denied.

In Point XI appellant objects to the testimony of Officer McClain that appellant missed a few ABCs in that he failed to state what letters were actually missed. Appellant does not tell why this was error or how it impacted upon appellant. Accordingly we dismiss this point as violative of Rule 30.06(d) as the "wherein and why" was not present in this point.

Finally, appellant claims that the trial court erred in permitting Officer McClain to state that he had completed an alcohol influence report because the completion of the report was not proof of appellant's guilt. The only citation appellant sets out in support of this contention is *McIlroy v. Hamilton,* 539 S.W.2d 669 (Mo.App.1976), an easement case. Appellant fails to demonstrate a connection between *McIlroy* and the instant case. Appellant has failed to advise us why this case was error or how it impacted upon appellant. Accordingly, we dismiss this point as violative of Rule 30.06(d) since the "wherein and why" are not present in this point.

The judgment of the trial court is affirmed.

All concur.