**Amy E. BERTRAM, Appellant,**

v.

**DIRECTOR OF REVENUE, Respondent.**

**No. WD 51658.**

Missouri Court of Appeals,
Western District.

Submitted April 30, 1996.

Decided July 2, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 27, 1996.

Application to Transfer Denied
Oct. 22. 1996.

Robert G. Duncan, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for respondent.

Before LAURA DENVIR STITH, P.J., and ULRICH and SMART, JJ.

SMART, Judge.

Amy Bertram drove over a curb and a grass median separating the parking lot of a Wendy's restaurant from that of a Taco Bell.

She was apprehended for driving while intoxicated. As a result of her refusal to submit to a breathalyzer test, her driver's license was revoked for one year. Ms. Bertram appeals from the denial of her application for review of the revocation of her driver's license. In her sole point, Bertram contends that the trial court erred in failing to order the reinstatement of her license because she was not shown to be driving on a public roadway. The judgment of the trial court is affirmed.

On March 19, 1995, Michael Moats, an off-duty police officer, was working for a Taco Bell restaurant. While he was in the parking lot, Moats noticed a car being driven over the curb from the Wendy's next door, over a grass median and into the Taco Bell lot. Moats confronted Bertram, the driver of the car, and asked her to perform field sobriety tests. Moats formed the opinion that Bertram was intoxicated and placed her under arrest. At the police station, Bertram was informed of her *Miranda*[1] rights and the implied consent law. Bertram contacted an attorney. She refused to submit to a breathalyzer test. As a result of her refusal, the Director of Revenue notified her that her operator's license was revoked for one year for refusing to submit to a chemical test. Bertram subsequently filed her application for review in the circuit court. On August 10, 1995, a hearing was held on the matter. Bertram offered no evidence, but moved for judgment on the ground that she was not operating a vehicle on the public highway. The trial court denied Bertram's application for review finding:

1. That pursuant to RSMo. 577.041 Petitioner was lawfully arrested with reasonable grounds to believe petitioner operated a motor vehicle while intoxicated.

2. That petitioner refused to submit to a chemical test as mandated by RSMo. 577.020.

Bertram now appeals that denial.

■ We will affirm the decision of the trial court unless there is no substantial evidence to support it; it is against the weight of the evidence; or it erroneously declares or ap-

1. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

plies the law. *Bennett v. Director of Revenue*, 889 S.W.2d 166, 168 (Mo.App.1994). Bertram does not challenge the sufficiency of the evidence as to the reasonable grounds to believe she was intoxicated. Also, Bertram does not dispute the evidence of her refusal of the test. Instead, Bertram contends that the trial court erroneously applied the law.

■ Section 577.020.1, RSMo 1994 [2] provides:

> Any person who operates a motor vehicle upon the public highways of this state shall be deemed to have given consent to, subject to the provisions of sections 577.020 to 577.041, a chemical test or tests of his breath, blood, saliva or urine for the purpose of determining the alcohol or drug content of his blood if arrested for any offense arising out of acts which the arresting officer had reasonable grounds to believe were committed while the person was driving a motor vehicle while in an intoxicated or drugged condition. The test shall be administered at the direction of the arresting law enforcement officer whenever the person has been arrested for the offense.

Bertram contends that this statute provides that a license may be suspended for refusal to take a breathalyzer test only when the operator has been operating a vehicle upon a public street. We do not agree. The phrase "operates a motor vehicle upon the public highways of this state" does not modify the phrase "driving a motor vehicle while in an intoxicated or drugged condition." Instead, it modifies the phrase "any person who." The reference to operating on public highways relates to the concept of implied consent. The theory of the "implied consent law" is that "the use of public streets and highways is a privilege and not a right," and that by obtaining a license and exercising the privilege of using the public roads, the motorist has impliedly consented to submission to the chemical test. *State v. Trumble*, 844 S.W.2d 22, 23 (Mo.App.1992). The requirement that a person submit to a chemical test is based upon that person's arrest where "the arresting officer had reasonable grounds to believe" that "the person was driving a motor

vehicle while in an intoxicated or drugged condition." Appellant's interpretation of the implied consent law fails to recognize the fact that the language in question is in this statute only because the legislature needed a reasonable predicate for implied consent. The legislature chose to predicate the implied consent upon a person's actual operation of vehicles on the public highways.

■ Bertram's interpretation of § 577.020.1 would introduce a new concept to the laws related to driving while intoxicated. Neither § 577.010 (driving while intoxicated) nor § 577.012 (driving with excessive blood alcohol content) mention anything about public highways. The "corpus delicti" of driving while intoxicated consists of evidence that someone operated a motor vehicle while intoxicated. *State v. Hill*, 812 S.W.2d 204 (Mo. App.1991). It is not necessary to allege or prove that the vehicle was operated on a public road or highway. *State v. Weston*, 202 S.W.2d 50, 53 (Mo.1947); *Hill*, 812 S.W.2d at 209.

■ The informed consent law applies to any person who drives upon the public highways. We assume that "public highways" means any place open to the public as a matter of right for purposes of vehicular travel, in accordance with the definition set forth in § 142.010(9). Bertram's driving record, which was provided to the court at trial by Ms. Bertram's counsel, shows that she has operated a vehicle on public roadways. She was convicted of speeding on August 3, 1993; convicted of a stop sign violation on February 10, 1992; convicted of a stop sign violation on December 20, 1990; and convicted of speeding on July 7, 1990. Because Bertram has operated a motor vehicle on the public highways, § 577.020.1 is applicable. The trial court did not err in treating Bertram as a person who had impliedly consented to submit to a chemical test under the circumstances in question.

The judgment of the trial court is affirmed.

All concur.

---

2. All sectional references are to Missouri Revised   Statutes 1994, unless otherwise indicated.