Stanley Glenn PEELER, Respondent,

v.

DIRECTOR OF REVENUE, State
of Missouri, Appellant.

No. 69128.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 19, 1996.

Jeremiah W. (Jay) Nixon, Atty. Gen., Rodney P. Massman, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Malcolm Henry Montgomery, Johnson, Montgomery & Maguire, Cape Girardeau, for respondent.

GARY M. GAERTNER, Judge.

Appellant, the Director of Revenue ("Director"), appeals the judgment of the Circuit Court of Cape Girardeau County setting aside the suspension of Stanley Peeler's ("driver's") driving privileges, imposed pursuant to RSMo § 302.505.[1] We reverse and remand.

The circumstances giving rise to the suspension of driver's license are as follows: On the evening of December 15, 1994, the Cape Girardeau Police Department received a report concerning a disturbance at the Townhouse Inn involving an alleged drunk driver. Officer Barker responded to the call. When he arrived at the Inn, he found driver sitting in his vehicle which was parked under the canopy in front of the Inn. Driver was sitting behind the wheel wearing his seatbelt, and the car's engine was running. Barker noticed signs of intoxication and had driver perform several field sobriety tests. Driver failed these tests, and Barker arrested him for driving while intoxicated.

Barker requested driver take a chemical (breathalyzer) test, informing him his license would be revoked or suspended pursuant to Missouri's "Implied Consent Law," RSMo §§ 577.020–.041, if he refused. Driver submitted to the test. Driver's blood alcohol content ("BAC") was .194, over the legal limit. Driver's license was suspended pursuant to RSMo § 302.505.1. The suspension was upheld after an administrative hearing, and driver petitioned for a trial *de novo*.

---

1. All statutory references will be to RSMo 1994 unless otherwise noted.

At trial, driver stipulated he was drunk, under the influence, and properly arrested, and his BAC was .19 on December 15, 1994. However, at the close of Director's case, driver asserted the Implied Consent Law could not have been used to obtain his consent to the chemical test because Director failed to prove driver had operated his vehicle on the "public highways," which driver contended was required by the plain language of the statute. The trial court agreed and reinstated driver's driving privileges. Director appeals.

■ On review, we will affirm the decision of the trial court unless it is not supported by substantial evidence, is against the weight of the evidence, or erroneously applies or declares the law. *Bennett v. Director of Revenue*, 889 S.W.2d 166, 168 (Mo. App. W.D.1994). Here, Director contends the trial court erred in construing the Implied Consent Law as requiring proof that a driver was driving on Missouri's "public highways" before the law could be used to require driver to submit to chemical testing. We agree.

The Implied Consent Law provides in pertinent part:

Any person who operates a motor vehicle upon the public highways of this state shall be deemed to have given consent to[ ] ... a chemical test or tests of his breath, blood, saliva or urine for the purpose of determining the alcohol or drug content of his blood if arrested for any offense arising out of acts which the arresting officer had reasonable grounds to believe were committed while the person was driving a motor vehicle while in an intoxicated or drugged condition....

RSMo § 577.020.1. Driver contends Director must offer "specific evidence of driving 'upon the public highways' at the time one is required to submit to testing" in order to compel the person's consent. However, this argument was recently rejected by the Western District of this Court.

In *Bertram v. Director of Revenue*, 930 S.W.2d 7, 9 (Mo.App.W.D.1996), the driver argued one's license could be suspended upon refusal to take a chemical test only when the driver had been operating his or her motor vehicle on the public highways, as required by the Implied Consent Law. Bertram was arrested for driving while intoxicated after driving over a curb and median in a parking lot between two fast food restaurants. *Id.* at 8. She refused to take a breathalyzer test after being requested to do so and after being informed of the consequences. *Id.* As a result, her license was revoked for one year. *Id.*

■ In rejecting Bertram's claim, the Court advised:

The phrase "operates a motor vehicle upon the public highways of this state" does not modify the phrase "driving a motor vehicle while in an intoxicated or drugged condition." Instead, it modifies the phrase "any person who." The reference to operating on public highways relates to the concept of implied consent.

*Id.* at 9. The theory behind the Implied Consent Law is that the use of the public highways is a privilege, not a right, and " '*a motorist by applying for and accepting an operator's license "impliedly consents" to submission to a chemical analysis of his blood alcohol level when charged with driving while intoxicated.*' " *State v. Trumble*, 844 S.W.2d 22, 23 (Mo.App. W.D.1992) (quoting *Gooch v. Spradling*, 523 S.W.2d 861, 865 (Mo.App.1975)) (emphasis ours). *See also Bolling v. Schaffner*, 488 S.W.2d 212, 213 (Mo.App.1972) (interpreting the phrase to mean any person granted the privilege to operate a motor vehicle impliedly consents to testing).[2]

There is no dispute in this case that driver held a Missouri driver's license, granting him the privilege of operating his motor vehicle on Missouri streets and highways. Whether driver operated his vehicle on the public highways and whether Director proved as much at trial was immaterial. "It is not necessary to allege or prove that the vehicle was operated on a public road or highway." *Bertram*, 930 S.W.2d at 9. Once he had been arrested for an alcohol related driving offense, driver consented to the chemical test

---

2. *Bolling* addressed RSMo § 564.441 (1969), the predecessor to the current statute.

by virtue of his acceptance of a Missouri driving privilege.

In a proceeding to suspend a license under RSMo § 302.505, the Director must show the police had probable cause to arrest the driver for driving while intoxicated, and the driver's blood alcohol level exceeded the legal limit at the time of the arrest. *Humes v. Director, Missouri Dept. of Revenue,* 908 S.W.2d 156, 157 (Mo.App. E.D.1995). Driver does not challenge the legality of his arrest and stipulated at trial his arrest was proper. The trial court erroneously interpreted RSMo § 577.020.1 as requiring Director to prove driver operated his vehicle on a public highway before driver could be advised of the consequences of refusing to submit to a chemical test. The test and its results were valid and demonstrated driver was indeed intoxicated at the time Officer Barker arrested him. Thus, Director met her burden of proof to sustain the revocation of driver's driving privileges pursuant to RSMo § 302.505.

Based on the foregoing, the judgment of the trial court is reversed and remanded with instructions to reinstate Director's order suspending driver's license.

DOWD, P.J., and REINHARD, J., concur.