

# Missouri Court of Appeals

### Southern District

### Division Two

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | |
| vs. | ) | No. SD32548 |
| | ) | |
| DONALD WILLIAM LANGFORD, | ) | **Filed: June 26, 2014** |
| | ) | |
| Defendant-Appellant. | ) | |

### APPEAL FROM THE CIRCUIT COURT OF TANEY COUNTY

### Honorable Mark E. Orr, Circuit Judge

### <u>AFFIRMED</u>

Donald William Langford ("Defendant") appeals from his conviction for one count of forgery. *See* § 570.090.[1] Defendant's arguments are without merit, and we affirm the trial court's judgment.

### **Factual and Procedural Background**

On July 4, 2010, Sherry Fox ("Fox") was working as a cashier at a gas station in Branson, Missouri. Defendant came into the store, selected some items that were for sale in the store, and approached the counter. Defendant laid a fifty dollar bill on the counter. Fox noticed the bill was a fake, and she told Defendant it was a fake bill. Defendant then "said he wasn't trying to pass it off on [Fox],

---

[1] Unless otherwise indicated, all statutory references are to RSMo Cum. Supp. (2013).

that it was just a joke."  Defendant paid for the items with other currency and left the store.

Fox notified the store owners and together they called the police.  Officer Joseph Edwards ("Officer Edwards") from the Branson Police Department arrived at the gas station.  Fox gave him the bill and told him what had happened.  Fox also informed Officer Edwards where Defendant lived.

Officer Edwards went to speak with Defendant.  Defendant was not very cooperative and initially told Officer Edwards that Officer Edwards "must be high."  Officer Edwards explained why he was there, and Defendant responded, "Oh, that fucking bitch across the street at the store."  He told Officer Edwards he was not attempting to pass the fifty dollar bill; rather, "he was simply trying to get the clerk to realize that they were out there and not to be burned by them."

Defendant was charged with one count of forgery.  The charging document was later amended to add a prior offender allegation.  Defendant was tried by a jury on September 17, 2012.  The jury found Defendant guilty as charged, and the trial court subsequently sentenced Defendant to four years in the Missouri Department of Corrections.  Defendant appealed.

### Point I:  Alleged Opinion Testimony

In his first point, Defendant challenges Fox's testimony to the effect it was her impression Defendant was attempting to pay for the items with the fake fifty dollar bill.[2]  He claims the testimony was improper because it made a conclusion

---

[2] In his first point Defendant also challenges the admission of testimony suggesting Fox did not think Defendant was joking.  The argument is not addressed because Defendant abandoned the issue in his reply brief when he (1) admitted the objection to the testimony about whether Fox thought Defendant was joking was sustained and the testimony was stricken and (2) asked this Court to disregard the argument.

regarding Defendant's state of mind which was an ultimate issue for the jury to decide. Defendant is incorrect.

Appellate courts "review the admission of evidence for an abuse of the trial court's discretion." *State v. Jones*, 398 S.W.3d 518, 521 (Mo. App. E.D. 2013). An abuse of discretion will be found when "the trial court's ruling is clearly against the logic of the circumstances, indicates a lack of careful consideration, and the error was so prejudicial so as to deprive the defendant of a fair trial." *Id.*

The following additional facts are relevant to the resolution of this claim. During Fox's testimony, the prosecutor asked if Fox had the impression Defendant was attempting to pay for the items with the fake fifty dollar bill. Defendant's attorney objected, arguing the question sought a comment on Defendant's state of mind. The trial court overruled the objection, and Fox stated it was her impression Defendant was actually trying to pay for the items with the fake fifty dollar bill. Defendant now claims this testimony was an improper opinion given by a lay witness.

Defendant's argument is without merit because Fox's testimony fits into an exception to the general rule that opinion testimony from a lay witness is not permitted. "Generally speaking, a nonexpert witness is not permitted to give his opinion or conclusion from facts observed, but there are exceptions to this rule." *State v. Strong*, 142 S.W.3d 702, 716 (Mo. banc 2004) (quoting *State v. Wilkins*, 100 S.W.2d 889, 893-94 (Mo. 1936)). One of these exceptions involves a common-sense summary of details which are difficult to place before the jury.

"Where the witness personally observed the events, he is permitted to testify as to his 'comprehension of what he has seen in a descriptive manner' even

3

if that testimony contains 'a conclusion, opinion or inference, if the inference is common and accords with the ordinary experiences of everyday life.'" *Id.* (quoting *State v. Hill*, 812 S.W.2d 204, 208 (Mo. App. W.D. 1991)).  That is, "[a]n observer is permitted to state natural inferences from observed conditions or occurrences or the impression made on his mind by a number of connected facts whose detail cannot be placed before the jury." *Shockley v. State*, 147 S.W.3d 189, 194 (Mo. App. S.D. 2004) (quoting *State v. Brown*, 683 S.W.2d 316, 318 (Mo. App. S.D. 1984)).  This exception includes testimony regarding a defendant's demeanor or facial expressions given by witnesses who observed the defendant's demeanor or facial expressions at the relevant time.  *See*, *e.g.*, *Strong*, 142 S.W.3d at 716 (holding it was not an abuse of discretion to allow an officer to testify the defendant was nonchalant); *Hill*, 812 S.W.2d at 208 (holding it was not an abuse of discretion to permit an officer to testify the defendant was combative); *State v. Gray*, 731 S.W.2d 275, 285 (Mo. App. W.D. 1987) (holding it was not an abuse of discretion to admit testimony showing the witness knew what had happened by the look on the defendant's face).  The justification for this exception is that the opinion or conclusion is "a 'short-hand rendition' of a composite situation, and" the opinion is necessary "to avoid losing evidence where it would be extremely difficult or impossible for a witness to convey an accurate sense of his or her observations if limited to a statement of facts in the traditional sense." *State v. Davidson*, 242 S.W.3d 409, 414 (Mo. App. E.D. 2007) (quoting *Gray*, 731 S.W.2d at 285).

In the present case, Fox's testimony was simply a short-hand rendition of her observations during the transaction.  Fox testified Defendant put the bill on

4

the counter but did not say anything until after she told him she knew the fifty dollar bill was a fake. Thus, her impression that he was attempting to pay for the items with the fake bill were based on his demeanor and expression. Those types of facts are difficult to place before the jury without losing their significance. *See Davidson*, 242 S.W.3d at 414. Consequently, Fox's impression that Defendant was attempting to pay for the items was admissible.

Defendant's first point is denied.

### *Point II: Alleged Improper Closing Argument*

In his second point, Defendant argues the trial court erred in overruling Defendant's objection to a portion of the prosecutor's closing argument. This argument fails because Defendant cannot demonstrate prejudice.

The following additional facts are relevant to the resolution of this claim. Immediately prior to the State's argument, the judge read the instructions to the jury. Among those instructions was Instruction Number 8, which stated, in pertinent part, "[t]he attorneys will now have the opportunity of arguing the case to you. Their arguments are intended to help you in understanding the evidence and applying the law, *but they are not evidence*." (Emphasis added).

Then, in the opening portion of his closing argument, the prosecutor discussed the verdict director and explained to the jury how the evidence fit the elements listed in that instruction. When he reached the element of whether Defendant transferred the bill, the prosecutor stated, "[h]e transferred to the store clerk, ladies and gentlemen. He actually handed it to her. That's transferring." Defendant's attorney objected because he believed the argument

5

misstated the facts that were presented in evidence. The trial judge responded by stating, "[t]he jury will remember the evidence as presented."

Defendant's closing argument also discussed this piece of evidence. Near the beginning of his closing argument, Defendant's attorney told the jury the prosecutor misstated the evidence when he said Defendant "handed" the bill to Fox: "Ms. Fox specifically testified that she did not -- that he did not hand it to her. He laid it down. He laid it down on the counter. He never transferred anything. . . . I do respectfully submit [the prosecutor] misstated that." That is, Defendant's attorney pointed out the alleged error and gave the jury the correct information according to Defendant's theory of the case. This sequence involving proper instructions and clarification by Defendant shows the jury's verdict was not affected by any alleged impropriety in the prosecutor's closing argument.

"A trial court has broad discretion in controlling the scope of closing argument." *State v. Talley*, 258 S.W.3d 899, 913 (Mo. App. S.D. 2008). Appellate courts will reverse only "upon a showing of abuse of discretion resulting in prejudice to the defendant." *State v. Martin*, 103 S.W.3d 255, 264 (Mo. App. W.D. 2003).

In considering whether a comment was prejudicial, one of the factors an appellate court will consider is whether the trial judge gave the jury a curative instruction. *State v. Cannady*, 660 S.W.2d 33, 40 (Mo. App. E.D. 1983). "A jury is presumed to be aware of and have followed the instructions given by the trial court." *State v. Hashman*, 197 S.W.3d 119, 134 (Mo. App. W.D. 2006). *See also State v. Overton*, 261 S.W.3d 654, 664 (Mo. App. S.D. 2008); *State v. Norman*, 243 S.W.3d 466, 473 (Mo. App. S.D. 2007). For this reason, an

6

improper argument will not be found to have prejudiced the defendant if the trial court has properly instructed the jury that the arguments of counsel are not evidence. *See **Norman***, 243 S.W.3d at 473.

Here, the jury was properly instructed that the attorneys' remarks were not evidence. Then, immediately after the allegedly improper comment, the judge again instructed the jury to remember the evidence. Finally, Defendant's attorney clarified any remaining confusion in his closing argument by pointing out and correcting the prosecutor's alleged error. Under such circumstances, the prosecutor's comment did not have a decisive effect on the jury's decision and there is no prejudice to Defendant.

Defendant's second point is denied.

### *Point III: Exhibit 2*

In his final point on appeal, Defendant requests plain error review because he claims the trial court plainly erred in finding he was a prior offender because the prosecution failed to prove the prior conviction was obtained via a valid guilty plea. In support he argues the certified records of conviction offered as Exhibit 2 were inadmissible for various reasons.

Although Defendant requests plain error review, plain error review is not warranted in this case because Defendant's attorney stated at trial he had no objection to the admission of Exhibit 2. On the morning of trial prior to voir dire, the prosecutor properly asked to make a record regarding Defendant's prior convictions. In support, the prosecutor offered Exhibit 2.

After the prosecutor described the exhibit, the trial court asked if Defendant had any objection. Defendant's attorney asked for a moment to

examine the exhibit, which the trial court allowed. There was a pause in the proceedings, and then Defendant's attorney stated, "I have no objection to Exhibit No. 2." The trial court then admitted Exhibit 2. The trial court subsequently found Defendant was a prior offender.

As this review of the record shows, Defendant did not simply fail to object to Exhibit 2, he affirmatively stated he had no objection to Exhibit 2. "The general rule in Missouri is that a statement of 'no objection' when evidence is introduced affirmatively waives appellate review of the admission." *State v. McWhorter*, 240 S.W.3d 761, 763 (Mo. App. S.D. 2007). "Under those circumstances, even plain error review is not warranted." *State v. Goudeau*, 85 S.W.3d 126, 128-29 (Mo. App. S.D. 2002) (quoting *State v. Markham*, 63 S.W.3d 701, 707-08 (Mo. App. S.D. 2002)); *see also State v. White*, 421 S.W.3d 560, 569 (Mo. App. E.D. 2014); *State v. Massa*, 410 S.W.3d 645, 656-57 (Mo. App. S.D. 2013); *State v. Johnson*, 160 S.W.3d 839, 842 (Mo. App. S.D. 2005).

Furthermore, this is not a case where Defendant sought a continuing objection or the parties otherwise understood that some objection to the exhibit was being preserved, so the only exception to the general rule does not apply. *Cf. State v. Baker*, 103 S.W.3d 711, 716-17 (Mo. banc 2003); *State v. O'Neal*, 392 S.W.3d 556, 562 (Mo. App. W.D. 2013). Defendant's claim regarding the admission of Exhibit 2 has been waived. *See Johnson*, 160 S.W.3d at 842.

Defendant's third point is denied.

## **Decision**

The trial court's judgment is affirmed.

MARY W. SHEFFIELD, J. - OPINION AUTHOR

JEFFREY W. BATES, P.J. - CONCURS

DON E. BURRELL, J. - CONCURS