**Terry Lynn VANGILDER, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

No. 71942.

Missouri Court of Appeals,
Eastern District,
Division Five.

Oct. 14, 1997.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Eric J. Wulff, St. Charles, for respondent.

CHARLES B. BLACKMAR, Senior Judge.

The respondent driver's driving privileges were revoked by the Department of Revenue because he tested .22 on an "Intoxylizer" test, well above the limit specified in Sec.

502.505–1, RSMo 1994. The circuit court set aside the revocation and the Director of Revenue appeals. We reverse.

The driver was stopped by a police officer during the early morning hours of March 29, 1996 because of erratic driving. He failed field sobriety tests and was asked to submit to an "Intoxylizer 5000" examination, to which he agreed. He was afforded an administrative hearing, following which his driver's license was revoked pursuant to Sec. 302.505 and 302.525, RSMo 1994. He then sought trial de novo in circuit court.

In the court proceedings the Director introduced records of the department duly certified by the custodian and consisting of 15 pages. The arresting officer then testified and authenticated 19 pages of records, including four pages showing testing of the apparatus which were not included in the department's certification. Both sets of records were received in evidence over a general objection. At this point the driver's counsel sought to renew his objection to the reports from the Department of Revenue on the ground that they were not "complete." The court did not change its ruling. The driver argued briefly about the Director's evidence but rested his case without introducing any evidence or exhibits.

The court took the case under advisement and then entered judgment in favor of the driver, directing that the revocation be set aside and the license restored. The court made no findings and stated no reason for the ruling.

■ The records of the Department of Revenue were properly received into evidence. *Cannon v. Director of Revenue*, 895 S.W.2d 302, 304–305 (Mo.App.1995.) The driver's objection on the ground of lack of completeness is not well taken. There is no requirement that the director certify all of the records in her possession relating to a particular matter. Any problem, moreover, vanished when the arresting officer authenticated the same records along with the four additional pages of tests on the apparatus, in the absence of valid objection. The defense stipulated that the arresting officer had a Type II permit authorizing him to administer tests of the kind shown in evidence. The

driver's argument that if some records were not included in the director's certificate then there might be still other records in the possession of the Department of Revenue, some of which may be exculpatory, indulges in rampant speculation. If counsel suspected that there were additional records he should have sought discovery, requesting a continuance for the purpose if necessary.

The Director made a prima facie case by evidence which was not contradicted. This is a civil case, in which the preponderance test applies. The Director's case did not depend on oral testimony. The documents, including test readouts, show on their face that the driver's license was subject to suspension. The driver argues only that the trial judge has the prerogative of ruling on "credibility," and argues that there are two circumstances which might impair the credibility of the records, the aforesaid absence of some records relating to the testing of the apparatus from the Director's file, and the pen correction of a date appearing on a printout of the test of the apparatus because 1996 was a leap year. Neither of these items raises a matter of credibility which is more than colorable. The records which were not included in the Director's file were authenticated by the testimony of the officer who prepared them. The change of a date on the printout of the test of the apparatus demonstrates a sound reason for a change. The test took place nearly a month before the driver was arrested, and, conceding for the sake of argument that the printed date might be the correct one, the one-day variation would be immaterial.

■ Because the trial judge gave no reason for his ruling it is our practice to uphold it if there is any supporting reason. The driver cites only *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), holding that we should set aside a judgment only if we firmly believe that the judgment was wrong. That case recognizes that a judgment in a court-tried case may sometimes be reversed if it is "contrary to the weight of the evidence." This authorization is accompanied by the caution that the test should be applied with caution and that due deference should

be given to the trial court's assessment of the credibility of witnesses, which is not a factor in this case. Duly admitted documentary evidence must be considered by the trial court. *Reinert v. Director of Revenue,* 894 S.W.2d 162, 164 (Mo. banc 1995).

■ We conclude that the judgment of the trial court was contrary to the uncontradicted evidence, including a printout of the test result, and that it should be reversed. Public policy as established by the general assembly calls for strict enforcement of the sanctions against driving while intoxicated. Trial judges should not be able to frustrate this policy by arbitrarily rejecting uncontradicted and unimpeached documentary evidence. If the judgment of the trial court were to stand, then different trial judges could reach contrary results on identical evidence, which would be extremely undesirable in cases strongly impacted by policy.

The judgment is reversed and the case is remanded with directions to sustain the revocation of the driver's license.

CRAHAN, C.J., and CRANE, J., concur.