Ben E. DICKERSON, Respondent,

v.

DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.

No. 71619.

Missouri Court of Appeals,
Eastern District,
Northern Division.

Dec. 9, 1997.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Mark S. Wasinger, Hannibal, for respondent.

AHRENS, Presiding Judge.

In this court tried case, petitioner, Ben Dickerson, requested the trial court to reinstate his driving privileges after respondent, Director of Revenue (director), suspended them pursuant to section 302.505 RSMo. 1994[1]. The trial court entered judgment on October 30, 1996, ordering petitioner's driving privileges reinstated because the director failed to prove that petitioner's blood alcohol content was in excess of .10% by weight. This appeal followed. We reverse and remand.

The following evidence was adduced at trial. Officer Killian, an off duty Hannibal police officer, noticed petitioner driving erratically at approximately 1:00 on the morning of January 29, 1996. After observing petitioner's erratic driving for several minutes, Officer Killian notified the Hannibal police department. Officer Shepard responded to Officer Killian's call and pulled over petitioner's vehicle at approximately 1:30 A.M.

Officer Shepard first noted that petitioner had a moderate odor of intoxicants on his breath. Officer Shepard next administered a field sobriety test to petitioner which petitioner failed. Officer Shepard then placed petitioner under arrest for driving while intoxicated and transported him to the Hannibal police station.

At the station, petitioner consented to taking a breath analysis test to determine his blood alcohol content (BAC). The results of the breath analysis test revealed that petitioner's BAC was .172% by weight. Because petitioner's BAC was in excess of .10% by weight, the director suspended his driving privileges pursuant to section 302.505.1. Petitioner filed a timely application for administrative review of the director's suspension of his driving privileges. After the hearing, the director's suspension of petitioner's driving privileges was sustained. Petitioner then filed his request for trial de novo in Circuit Court.

At the close of her case in chief, the director attempted to introduce several documents into evidence under Missouri's version

of the Uniform Business Records as Evidence Law. Sections 490.660–490.692. These documents included (1) the results of petitioner's BAC test, (2) a certificate of analysis produced by the manufacturer of the solution that Lieutenant Joseph Hunold of the Hannibal police department utilized in testing the accuracy of the breath analysis machine, (3) a permit from the department of health, (called a type II permit), certifying that Lieutenant Hunold was authorized to calibrate and maintain the breath analysis machine, and (4) the results of a routine maintenance test performed by Lieutenant Hunold on the breath analysis machine. The director sought to demonstrate that the documents were prepared in the ordinary course of the police department's business by offering the affidavit of Lieutenant Hunold, the custodian of records for the Hannibal police department.

Petitioner objected to the admission of these records for two reasons. First, petitioner argued that Lieutenant Hunold was required to testify in court as to the identity and preparation of the records. Petitioner also maintained that Lieutenant Hunold was not competent to testify as to the identity and preparation of some of the records because they were not documents of the Hannibal police department.

The trial court sustained petitioner's objection and refused to admit the records into evidence because they constituted inadmissible hearsay. Because these records included the results of petitioner's BAC test, the trial court ruled that the department failed to prove that petitioner's BAC was in excess of .10% by weight at the time of his arrest. The trial court, therefore, entered judgment reinstating petitioner's driving privileges. This appeal followed.

In a court tried case, we will affirm the judgment of the trial court unless it is against the weight of the evidence, there is no substantial evidence to support it, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). In her sole point on appeal, the director argues that the trial court erroneously applied the law in refusing to admit the

1. All statutory references are to RSMo 1994.

proffered documents into evidence. We agree.

■ The trial court was correct in concluding that the records in question constituted hearsay. However, section 490.680 provides a statutory exception to the hearsay exclusionary rule by allowing the admission of business records if the custodian of the record or other qualified witness establishes a proper foundation by attesting to the records' identity and mode of preparation. Furthermore, section 490.692.1 allows the custodian or other qualified witness to establish the requisite foundation for admission of the records by affidavit rather than by testifying at trial. *Tebow v. Director of Revenue*, 921 S.W.2d 110, 113 (Mo.App.1996).

Here, the director offered the sworn and notarized affidavit of Lieutenant Hunold, the custodian of records for the Hannibal police department, attesting to the identity and mode of preparation of the records in question. Also, Lieutenant Hunold's affidavit is in the identical form of that of the model affidavit supplied by the legislature in section 490.692.3. Although the director established the foundational requirements for admission of the records, the trial court refused to admit the records into evidence.

■ Petitioner advances three reasons why we should affirm the trial court's decision to exclude the records from evidence despite the director's compliance with the foundational requirements of the statute. First, petitioner asserts that the trial court has the discretion to determine if the records should be admitted into evidence. It is true that the trial court does have the discretion to determine if the sources of information, method and time of preparation were such to justify admission. Section 490.680. However, if the opponent of the proffered records fails to produce any evidence that contradicts the content of the records, the trial court must admit the records into evidence. *Tebow*, 921 S.W.2d at 113.

■ Petitioner claims that there is evidence that contradicts the contents of the maintenance test results prepared by Lieutenant Hunold in that he corrected the date of the test from 01–08–95 to 01–08–96. How-

ever, a mere correction of the date on a record does not establish a colorable contradiction of its content. *Vangilder v. Director of Revenue*, 954 S.W.2d 31 (Mo.App.E.D. 1997). Thus, we reject petitioner's assertion that he produced evidence that contradicted the content of the proffered records. The trial court, therefore, abused its discretion in refusing to admit the proffered records into evidence.

■ Petitioner next claims that the trial court correctly excluded the records because Lieutenant Hunold failed to state the type of solution he used in testing the breath analysis machine in his maintenance report. Petitioner alleges that this information is required by the department of health but petitioner fails to cite us to an applicable regulation. As the director points out, the regulations of the department of health only require the person conducting the test to attach a certification by the manufacturer of the solution. 19 CSR 25–30.050(4). Here, Lieutenant Hunold attached a certificate of analysis from the manufacturer of the solution to the maintenance report. Thus, petitioner's claim that Lieutenant Hunold did not comply with the department of health's regulations in compiling the maintenance report is without merit.

Petitioner's final argument as to why the trial court did not err in excluding the proffered records from evidence is that two of the records contained double hearsay and thus were not admissible under Uniform Business Records as Evidence Law. The first record that petitioner asserts contains double hearsay is the certificate of analysis produced by the manufacturer of the solution that Lieutenant Hunold attached to the maintenance report. Petitioner maintains this certificate is double hearsay because it contains statements from both the manufacturer of the solution as well as the Hannibal police department. The director counters by arguing that the certificate does not contain hearsay statements from the manufacturer of the solution.

■ In the present case, under 19 CSR 25–30.050(4), the director is only required to demonstrate (1) the police department used a

solution certified by the solution's manufacturer in calibrating the breath analysis machine and (2) the police department attached proof of the manufacturer's certification to the maintenance report the police department submitted to the department of health. *Mullins v. Director of Revenue,* 946 S.W.2d 770, 773 (Mo.App.1997). Because the requirements of 19 CSR 25–30.050(4) apply only to the police department, the director need only offer the testimony of a representative of the police department to demonstrate that the department complied with the requirements of 19 CSR 25–30.050(4). *Id.*

Here, the director attached the solution manufacturer's certificate of analysis to Officer Hunold's affidavit to demonstrate that the Hannibal police department complied with the requirements of 19 CSR 25–30.050(4) in maintaining its breath analysis machine. Also, as illustrated above, Officer Hunold was the custodian of records for the Hannibal police department's breath analysis machine. Therefore, under the Business Records Act, the certificate from the solution's manufacturer which supported Officer Hunold's affidavit was admissible to demonstrate that Hannibal police department complied with the requirements of 19 CSR 25–30.050(4).

■ Petitioner also maintains that Lieutenant Hunold's Type II permit produced by the department of health is hearsay of both the Hannibal police department and the department of health. However, the contents of a license issued by the state, including permits issued by the department of health to operate and maintain breath analysis machines, are not subject to the hearsay exclusionary rule. *Vance v. McNeill,* 711 S.W.2d 531 (Mo.App.1986). Thus, Lieutenant Hunold's Type II permit is not subject to the hearsay exclusionary rule.

The director established the proper foundation for admission of the business records in question through the affidavit of Lieutenant Hunold. Also, none of the reasons that petitioner advanced in support of the trial court's ruling have merit. The trial court, therefore, erroneously applied the law and abused its discretion in refusing to admit the business records proffered by the director.

Because the trial court made its ruling before petitioner had an opportunity to present his evidence, the judgment of the trial court is reversed and the cause remanded for a new trial. *See Helton v. Director of Revenue,* 944 S.W.2d 306, 311 (Mo.App.1997).

RHODES RUSSELL, J., and JAMES P. REINHARD, Senior Judge, concur.