Daniel R. OVERMANN, Appellant,

v.

## DIRECTOR OF REVENUE, STATE OF MISSOURI, Respondent.

No. 72324.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 21, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 6, 1998.

Application to Transfer Denied
Sept. 22, 1998.

Robert W. Miller, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Paul Rauschenbach, Asst. Atty. Gen., St. Louis, for respondent.

CRANDALL, Judge.

Daniel Overmann appeals from the judgment of the trial court that upheld the "suspension/revocation" of his driving privileges.[1] We affirm.

On September 17, 1996, a police officer from the City of Town and Country observed a vehicle driven by Overmann cross traffic lanes four times without signaling. The officer stopped Overmann and "noticed a moderate odor of an intoxicating beverage on his breath." The officer administered four field sobriety tests. Overmann failed three of the tests and the results of the fourth test were inconclusive. The officer arrested Overmann pursuant to a Town and Country ordinance for driving while intoxicated. After advising Overmann of his rights under Missouri's implied consent law, the officer administered a breath alcohol test. The test showed a blood alcohol content of .136.

After an administrative hearing officer upheld the action taken by the Director of Revenue (Director) regarding Overmann's driving privileges, he filed a petition for trial de novo in circuit court. A commissioner heard the case and found that the police officer had probable cause to arrest Overmann and he had a blood alcohol concentration of .10% or more by weight.· The commissioner recommended sustaining the Director's order regarding Overmann's driving privileges. The trial court adopted and affirmed the findings and recommendations of the commissioner as the judgment of the court. Overmann appeals from this judgment.

---

1. In his brief, Overmann refers to the suspension of his driving privileges whereas the Director of Revenue refers to revocation.

■ The judgment of the trial court will be affirmed unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Peeler v. Director of Revenue*, 934 S.W.2d 329, 330 (Mo.App. E.D. 1996).

■ The Director had the burden at the trial de novo to show by a preponderance of the evidence that (1) the arresting officer had probable cause to arrest Overmann for driving while intoxicated, and (2) at the time of the arrest, Overmann's blood alcohol content was .10% or greater. *Rogers v. Director of Revenue*, 947 S.W.2d 475, 476–77 (Mo.App. E.D.1997). Overmann does not argue that the officer did not have probable cause to arrest him for driving while intoxicated.

■ Overmann does argue that the Director failed to lay a proper foundation for admission of the breathalyzer test. For the Director to establish a "prima facie" foundation for admission into evidence of a breathalyzer test, the Director must demonstrate that the testing methods set out in section 577.020 RSMo 1994 were followed, in that the test was performed (1) according to techniques and methods approved by the Department of Health, (2) by persons possessing a valid permit, and (3) using equipment and devices approved by the department. *Id.* at 477.

Overmann relies on Department of Health regulation, 19 CSR 25–30.050(4) which provided at the time of the test that "Approved standard simulator solutions used to verify and calibrate breath analyzers shall be certified by the manufacturer of that solution, and evidence of such certification shall accompany the maintenance report." Overmann argues that because the trial court erred in admitting the manufacturer's certificate of analysis for the simulator solution used to calibrate the breathalyzer, there is no evidence the test was performed according to

the above quoted Department of Health regulation.

Relying on the business records exception, the Director introduced into evidence, over objection, an exhibit which contained the certificate of analysis at issue. The exhibit also had an affidavit from a Town & Country police officer attesting that he was the custodian of records of the Town and Country police department and that the records were kept as required by section 490.680 RSMo 1994.[2] The certificate of analysis provides that random samples of the alcohol certified solution were analyzed by an independent laboratory and also provides results from the analysis.

Overmann contends in his first point that the Director failed to establish that the certificate of analysis meets the requirements under The Uniform Business Records as Evidence Law, section 490.680. In his second point, Overmann contends that section 490.680 is not applicable to the certificate of analysis because it constituted "hearsay on hearsay."

Section 490.680 provides a statutory exception to the hearsay exclusionary rule by permitting the admission of business records if the custodian of the record or other qualified witness establishes a proper foundation by attesting to the records' identity and mode of preparation. *Dickerson v. Director of Revenue*, 957 S.W.2d 478, 480 (Mo.App. E.D. 1997). Furthermore, section 490.692.1 RSMo 1994 permits the custodian or other qualified witness to establish the requisite foundation for admission of the records by affidavit rather than by testifying at trial. *Id.*

In *Dickerson*, this court considered the effect of 19 CSR 25–30.050(4) for admitting a certificate of analysis. This court stated that "under 19 CSR 25–30.050(4), the director is only required to demonstrate (1) the police department used a solution certified by the solution's manufacturer in calibrating the breath analysis machine and (2)

---

2. Section 490.680 is part of The Uniform Business Records as Evidence Law and provides "A record of an act, condition or event, shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission."

the police department attached proof of the manufacturer's certification to the maintenance report the police department submitted to the department of health." *Id.* at 480–81(citing *Mullins v. Director of Revenue,* 946 S.W.2d 770, 773 (Mo.App. E.D. 1997)). We further stated "Because the requirements of 19 CSR 25–30.050(4) apply only to the police department, the director need only offer the testimony of a representative of the police department to demonstrate that the department complied with the requirements of 19 CSR 25–30.050(4)." *Id.* at 481.

■ As in *Dickerson,* here the Director attached the certificate of analysis to a police officer's affidavit to demonstrate that the police department complied with the requirements of 19 CSR 25–30.050(4) in maintaining its breath analysis machine. *Id.* The Town and Country police officer's affidavit is in the identical form of that of the model provided in section 490.692.3. Under The Uniform Business Records as Evidence Law, the certificate of analysis was admissible to demonstrate that the Town and Country police department complied with the requirements of 19 CSR 25–30.050(4). *Id.* Because the certificate of analysis was properly admitted into evidence, defendant's two points are denied.

The judgment is affirmed.[3]

AHRENS, P.J., concurs.

KAROHL, Judge, dissenting.

I respectfully dissent. Overmann's objection to the admission of Exhibit C was well founded with respect to one of the four documents included in the exhibit. He did not object to the documents prepared by the police department which are the: (1) affidavit of the custodian; (2) breathalyzer maintenance repair report; and, (3) Type II permit of the maintenance officer. He objected to the admission of the certificate of analysis by the manufacturer on numerous legal grounds: (1) the certificate constituted double hearsay, first, a statement made by an

unidentified laboratory to RepCo, and second, a statement made by Cecil B. Garner, President of RepCo to the Town and Country Police Department; (2) by express terms in the certificate, the author had no personal knowledge of the facts contained therein; (3) the events reported in the certificate would not permit identification of the source of the information or the time or mode of recording the test results; and, (4) "a proper foundation ha[d] not been laid."

The regulations of the Department of Revenue are intended to provide a reliable test result. If those regulations are followed, then the Director of Revenue (Director) can present evidence which will support a finding of blood alcohol content of .01% or greater. Thus, it may meet its burden of proof on one element. If the equipment or device approved by the Department for measuring blood alcohol content fails to meet Department regulations and there is a timely objection, then the test results will not support a required finding of fact. In this case, Overmann made evidentiary objections regarding the certificate of analysis of the manufacturer. The objections in this case presented issues of whether any statements made in the certificate of analysis were probative. If the rules of evidence are honored, overruling the objection was erroneous.

Our opinion in *Dickerson v. Director of Revenue,* 957 S.W.2d 478 (Mo.App. E.D. 1997), decided a different factual and legal issue. In *Dickerson* we found 19–CSR 25–30.050(4) applied only to the police department and the only proof required by that regulation is a demonstration that the police department complied with the requirements of the regulations. We allowed the admission of the certificate of analysis produced by the manufacturer of the solution which supported the police officer's affidavit for a limited purpose "to demonstrate that the [Hannibal Police Department] complied with the requirements of 19–CSR 25–30.050(4)." *Id.* at 481. There was no issue and we did not decide whether the certificate of the manufacturer was admissible to prove the truth of

---

3. Overmann's motion for court costs and attorneys' fees incurred for this appeal is denied. *See*

Section 302.536 RSMo Cum.Supp.1996.

the matters asserted therein after objections of hearsay, lack of personal knowledge, uncertainty on facts of preparation and lack of foundation. The present appeal presents precisely those issues.

The fourth document in Exhibit C provides in relevant part "[r]andom samples of Lot Number 95008 of Alcohol Certified Solution for simulator were analyzed by an independent laboratory utilizing a gas chromatograph and found to contain .1217 gms/dl wt./vol. ethyl alcohol." This document is not a business record of the City of Town and Country for the purpose of proving the matters asserted. No employee of the City of Town and Country has any knowledge of the acts, events, conditions, opinions, or diagnosis recorded in the certificate. No employee of the City of Town and Country can offer any testimony as to when this certificate of analysis was prepared or the relationship of the time of preparation with the act, event, condition, opinion, or diagnosis referred to in the certificate. Accordingly, the certificate may be a business record for the limited purpose of establishing the conduct of the Town and Country Police Department as being in compliance with department regulations. It is not a business record for the purpose of providing evidence to support a finding of any of the matters asserted, particularly, that the simulator solution used by the police officers of Town and Country was certified by the manufacturer as required by 19–CSR 25–30.050(4). In this case, the deficiency is exacerbated by the fact that the certificate of analysis of the manufacturer is, by its terms, subject to the objections of lack of personal knowledge, insufficient as a business record of the manufacturer, and, lack of foundation. The rulings allowed the admission of substantive evidence of the use of a qualified solution where there was no evidence it was qualified and no other evidence to support a required finding of .01% blood alcohol content.

Accordingly, the Director failed to support the required finding that the testing methods mandated by section 577.020 RSMo 1994 were followed. The certificate of analysis required to support use of a chemical product is, by its terms, insufficient to support a finding of reliability for use of that product. Thus, there is no evidentiary foundation for admission of the test result. The Director relied on a document that is inherently unreliable. It was undated. It does not include the date of the analysis or the manner and conditions of the analysis. Not one of the protective requirements of section 490.680 RSMo 1994 applies to qualify the certificate as a business record of anyone to prove the matters asserted. Overmann had no opportunity to contest: (1) the mode of preparation of the certificate; (2) the certificate not being dated; (3) the manner or form of the unidentified laboratory's communication to RepCo; (4) the identity, mode, and preparation of a document by the testing laboratory, if there was one which reported the test or its results to RepCo; and, (5) the qualifications of the unidentified laboratory. It is not possible to determine the sources of information; method and time of preparation of relevant documents by the unidentified laboratory or by the manufacturer.

Overmann's objections to the certificate of analysis for the test solution used by the Town and Country Police Department on his breathalyzer test were based on unchallenged rules of evidence. His objections were directed at the failure of the certificate of analysis to prove that a test was conducted in accordance with Department of Revenue regulations. So long as the manufacturer fails to provide a certificate of analysis which is based upon first-hand knowledge and contains statements of fact which support finding that the requirements of section 490.680 RSMo 1994 have been met, the Director will be unable to use breathalyzer tests results. The Director is entitled to know who analyzed the simulator solution, how, where, and when each lot number is analyzed, and the conditions under which the analysis results were recorded. The required certificate of analysis must provide the Director with a basis to conclude the test analysis was reliable. The document admitted in this case screens that information from the Director, the petitioner and the court. The RepCo certificate offers no support for concluding that the test results were probative. The test result is in doubt when RepCo provides a certificate which is wholly deficient from an

evidentiary perspective because the breathalyzer was calibrated with a RepCo solution which may not have been tested.

The rules of evidence required the court to sustain the various objections to the admission of the defective certificate which was offered, received and considered as substantive evidence of matters stated therein. The Director and Overmann are entitled to an opinion reversing the trial court judgment.