**Jeffrey A. VILCEK, Appellant,**

**v.**

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Respondent.**

**No. 73385.**

Missouri Court of Appeals,
Eastern District,
Division Three.

June 30, 1998.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 26, 1998.

Thomas A. Connelly, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Judge.

Jeffrey Vilcek appeals from the judgment of the trial court that upheld the suspension of his driving privileges. We affirm.

On March 23, 1997, a deputy sheriff of St. Charles County arrested Vilcek for driving while intoxicated. Vilcek's breath test showed a blood alcohol content of .141. An administrative hearing officer upheld the order of the Director of Revenue (Director) to suspend Vilcek's driving privileges. Vilcek filed a petition for trial de novo in the circuit court. After a trial, the court found that the arresting officer had probable cause to arrest Vilcek and that he had a blood alcohol concentration of .10% or more. The court sustained the Director's order to suspend Vilcek's driving privileges. Vilcek appeals from this judgment and raises one point on appeal.

On appeal, we affirm the judgment of the trial court unless it is unsupported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Reinhold v. Director of Revenue*, 961 S.W.2d 904, 905 (Mo.App. E.D. 1998). The Director had the burden at the trial de novo to show by a preponderance of the evidence that (1) the arresting officer had probable cause to arrest Vilcek for driving while intoxicated, and (2) at the time of the arrest, Vilcek's blood alcohol content was .10% or greater. *Whitworth v. Director of Revenue*, 953 S.W.2d 142, 143 (Mo.App. E.D. 1997).

Vilcek argues that the trial court erred in admitting into evidence the maintenance and breathalyzer reports because "the certificate of the manufacturer of the ampoule used to test the breathalyzer machine was an unsworn ex parte written report introduced to prove the truth of the matter it asserted and, was hearsay; and because the certificate was not a business record of the St. Charles County Sheriff's Department because it was not generated in the course of its regular business...." For the Director to establish a prima facie foundation for admission into evidence of a breathalyzer test, the Director must demonstrate that the testing methods set out in section 577.020 RSMo 1994 were followed, in that the test was performed (1) according to techniques and methods approved by the Department of Health, (2) by persons possessing a valid permit, and (3) using equipment and devices approved by the department. *Rogers v. Di-*

*rector of Revenue,* 947 S.W.2d 475, 477 (Mo. App. E.D.1997).

■ Relying on 19 CSR 25–30.050(4),[1] Vilcek contends that Department of Health methods and techniques were not followed. We note that a new regulation, 19 CSR 25–30.051, that addresses certificates of analysis, became effective after Vilcek's arrest but prior to his trial. We review under the revised regulation. *Mullins v. Director of Revenue,* 946 S.W.2d 770, 772 (Mo.App. E.D. 1997).

The purpose of 19 CSR 25–30.051, titled "STANDARD SIMULATOR SOLUTIONS," is stated as defining "the standard simulator solutions to be used in verifying and calibrating breath analyzers." Nineteen CSR 25–30.051(1) and (2) provide that standard simulator solutions shall be certified by the supplier of the solution and set certain parameters such as ethanol concentrations. Nineteen CSR 25–30.051 further provides:

> (3) The certificate shall include the name of the supplier, the lot or batch number of solution, the ethanol concentration in aqueous solution, and the expiration date. Evidence of that certification shall accompany the maintenance report in the form of writing on the maintenance report the supplier of the solution, the ethanol in vapor concentration, lot or batch number, and the expiration date. A photocopy of that certificate shall be attached to the maintenance report.

> (4) Maintenance reports completed on or after March 26, 1996, and prior to the effective date of this rule [September 1, 1997] shall be considered valid under this rule if a certificate of analysis was supplied with the simulator solution.[2]

Although 19 CSR 25–30.050(4) was at issue, this court's decision in *Overmann v. Director of Revenue,* No. 72324, —— S.W.2d —— (Mo.App. E.D. April 21, 1998), is applicable to the present case. In *Overmann,* the driver challenged the admission of the certificate of analysis for the simulator solution based on his claim that there was no evidence of conformity with 19 CSR 25–30.050(4). *Overmann,* slip op. at 3, —— S.W.2d at ——. The driver contended that the Director failed to establish that the certificate of analysis met the requirements of The Uniform Business Records as Evidence Law, section 490.680 RSMo 1994, and that this section was not applicable to the certificate because it was " 'hearsay on hearsay.' "

This court held that section 490.680 provides a statutory exception to the hearsay exclusionary rule by permitting the admission of business records if the custodian of the record or other qualified witness establishes a proper foundation by attesting to the records' identity and mode of preparation. *Id.* at 4, at —— (citing *Dickerson v. Director of Revenue,* 957 S.W.2d 478, 480 (Mo.App. E.D.1997)). We then analyzed the requirements regarding the certificate as expressed in *Dickerson,* " 'under 19 CSR 25–30.050(4), the director is only required to demonstrate (1) the police department used a solution certified by the solution's manufacturer in calibrating the breath analysis machine and (2) the police department attached proof of the manufacturer's certification to the maintenance report the police department submitted to the department of health.' " *Id.* (citation omitted). Because there was a proper attestation by affidavit under section 490.692 RSMo 1994, this court held that the certificate of analysis was admissible under The Uniform Business Records as Evidence Law to demonstrate that the police complied with the requirements of 19 CSR 25–30.050(4). *Id.* at 5, at ——.

■ Similar to *Overmann* and *Dickerson,* the required demonstration regarding 19 CSR 25–30.051 may be satisfied by admission of the needed documents under The Uniform Business Records as Evidence Law. In the present case, a St. Charles County deputy sheriff testified for the Director regarding Exhibit B, that included the maintenance

---

1. This regulation, effective until September 1, 1997, provided that "[a]pproved standard simulator solutions used to verify and calibrate breath analyzers shall be certified by the manufacturer of that solution, and evidence of such certification shall accompany the maintenance report."

2. Here, the maintenance report was completed on March 22, 1997.

report and certificate of analysis. The deputy testified as to the records' identity and mode of preparation and thereby established the required foundation for admission of the exhibit under The Uniform Business Records as Evidence Law. *See* Section 490.680; *Dickerson*, 957 S.W.2d at 480. Therefore, the Director established a prima facie foundation for admission of the breathalyzer test. In addition, the maintenance report is considered valid under the language of 19 CSR 25–30.051(4).

■ Vilcek also contends that there was no admissible evidence to show compliance with 19 CSR 25–30.060(10). This regulation provided at the time of trial that "[t]he fifteen (15)-minute observation of the subject, which is the first procedure on the forms in sections (1)-(9) of this rule, may be done by the operator of the breath analyzer, the arresting officer or by any other competent individual." The alcohol influence report, admitted at trial as part of Exhibit A, has a section regarding the fifteen minute observation period. The operator of the breathalyzer completed the report but the arresting officer is shown as having performed the fifteen minute observation. Vilcek complains that the "breathalyzer operator's statement of what the arresting officer told him relevant to the 15 minute observation of [Vilcek] is inadmissible hearsay." We note that the regulation permits the arresting officer to perform the fifteen minute observation. The Director established a foundation for admission of Exhibit A as a business record by offering a sworn and notarized affidavit as provided in section 490.692. Therefore, the Director established a prima facie foundation for admitting the breathalyzer report. Vilcek's point is denied.

The judgment is affirmed.

AHRENS, P.J., concurs.

KAROHL, J., dissents.