**Christina M. DENT, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

No. 73406.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 29, 1998.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for appellant.

William G. Buchholz, II, Clayton, for respondent.

CRANDALL, Judge.

The Director of Revenue (Director) appeals from the circuit court judgment reinstating Christina Dent' s driving privileges. We affirm.

On January 17, 1997, a City of Florissant police officer arrested Dent for driving while intoxicated. Dent consented to a breath test. The test showed a blood alcohol content of .187.

An administrative hearing officer upheld the Director's suspension of Dent's driving privileges. Dent filed a petition for a trial de novo pursuant to section 302.535 RSMo. Cum.Supp.1996. During the trial conducted by a commissioner and submitted on the records, the Director moved for admission of Department of Revenue and Florissant Po-

lice Department records. In written findings and recommendations, the commissioner found that the exhibits would be admitted under section 490.692 "with the exception of the breathalyzer results for the reason that the certificate of analysis contains hearsay, specifically results of analysis by an independent laboratory as reported by RepCo Marketing." The commissioner recommended that Dent's driving privileges be reinstated. The circuit court adopted the commissioner's findings and recommendations as the judgment of the court. The Director appeals from this judgment.

■ The Director argues that the court erred in refusing to admit the breathalyzer results. To establish a prima facie case at trial, the Director had the burden to show by a preponderance of the evidence that (1) the arresting officer had probable cause to arrest Dent for driving while intoxicated, and (2) at the time of the arrest, Dent's blood alcohol content was .10% or greater. *Green v. Director of Revenue,* 961 S.W.2d 936, 938 (Mo. App. E.D.1998); *Rogers v. Director of Revenue,* 947 S.W.2d 475, 476–77 (Mo.App. E.D. 1997). For the Director to establish a foundation for admission into evidence of a breathalyzer test, the Director must show that the test was performed (1) according to techniques and methods approved by the Department of Health, (2) by persons possessing a valid permit, and (3) using equipment and devices approved by the department. *Rogers,* 947 S.W.2d at 477. At issue here is Department of Health regulation, 19 CSR 25–30.050(4), that addressed certificates of analysis at the time of Dent's trial. This regulation provided that:

> [a]pproved standard simulator solutions used to verify and calibrate breath analyzers shall be certified by the manufacturer of that solution, and evidence of such certification shall accompany the maintenance report.

The trial court stated that it disallowed the breathalyzer results because "the certificate of analysis contains hearsay, specifically results of analysis by an independent laboratory as reported by RepCo Marketing." This court addressed the hearsay issue in *Overmann v. Director of Revenue,* 975 S.W.2d 183

(Mo.App. E.D.1998). Under 19 CSR 25–30.050(4), the Director is only required to show that (1) the police department used a solution certified by the solution's manufacturer in calibrating the breath analysis machine, and (2) the police department attached proof of the manufacturer's certification to the maintenance report that the police department submitted to the Department of Health. *Id.* at 185–86 (citation omitted). Section 490.680 RSMo.1994 provides a statutory exception to the hearsay exclusionary rule by permitting the admission of business records if the custodian of the records or other qualified witness establishes a proper foundation by attesting to the records' identity and mode of preparation. *Id.* Furthermore, section 490.692.1 RSMo.1994 permits the custodian or other qualified witness to establish the requisite foundation for the records' admission by affidavit rather than by testifying at trial. *Id.* If there is a proper attestation by affidavit under section 490.692, then the certificate of analysis is admissible under The Uniform Business Records as Evidence Law to demonstrate that the police complied with the requirements of 19 CSR 25–30.050(4). *Id.* at 186.

■ Similar to *Overmann,* here the Director attached the certificate of analysis to a Florissant police officer's affidavit. The officer's affidavit regarding Florissant Police Department records is identical in form to the model provided in section 490.692.3. Therefore, the trial court's stated reasons for not admitting the breathalyzer results is contrary to this court's holding in *Overmann.* However, a bench-tried judgment that reaches a correct result will not be set aside even if the trial court gives a wrong or insufficient reason for its judgment. *Fix v. Fix,* 847 S.W.2d 762, 766 (Mo. banc 1993); *Coleman v. Director of Revenue,* 970 S.W.2d 394, 395 (Mo.App. S.D.1998).

■ Dent argued at trial that the certificate of analysis does not state that RepCo Marketing Inc. is the manufacturer of the solution. We agree. The certificate shows RepCo Marketing Inc. at the top of the document and provides that samples of the solution were analyzed by an independent laboratory. The certificate is signed by the president of RepCo Marketing Inc. The certificate lists the lot number, test results and

the expiration date for the tested lot. But, the certificate has no language indicating that RepCo Marketing Inc. manufactured the solution. Furthermore, there was no testimony regarding RepCo Marketing Inc. or whether it manufactured the solution. The regulation requires that the solution be "certified by the manufacturer of that solution." Nineteen CSR 25–30.050(4). At trial, the Director is required to show that the police department "used a solution certified by the solution's manufacturer in calibrating the breath analysis machine...." *Overmann,* at 185 (citations omitted). There is simply no evidence that RepCo Marketing Inc. is the manufacturer of the solution. Accordingly, the Director failed to establish a foundation for admission of the breathalyzer results.[1] Although the trial court's stated reasons were incorrect, the court did not err in excluding the breathalyzer results and therefore ordering Dent's driving privileges reinstated.[2]

The judgment is affirmed.

PUDLOWSKI, P.J., and AHRENS, J., concur.

---

**1.** A new regulation, 19 CSR 25–30.051, addressing standard simulator solutions became effective after Dent's trial and provides that the standard simulator solution "shall be certified by the suppliers of that solution ...." (emphasis added). In addition, 19 CSR 25.30.051(3) provides that "The certificate shall include the name of the supplier, the lot or batch number of solution, the ethanol concentration in aqueous solution, and the expiration date."

**2.** We reach the same result in *McDonough v. Director of Revenue,* No. 73408, 977 S.W.2d 278 (Mo.App.E.D.1998).