Daniel THRELKELD, Appellant,

v.

DIRECTOR OF REVENUE, Respondent.

No. WD 55425.

Missouri Court of Appeals,
Western District.

Oct. 13, 1998.

Lyle M. Gregory, Harrisonville, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for respondent.

Before SPINDEN, P.J., ULRICH and EDWIN H. SMITH, JJ.

ULRICH, Judge.

Daniel Threlkeld appeals the judgment of the trial court upholding the suspension of his driving privileges by the Director of Revenue (Director) under section 302.505, RSMo 1994. He claims that the court erred in admitting the manufacturer's certificate of analysis for the simulator solution used to calibrate the breathalyzer machine because the Director failed to lay a proper foundation for its admission under the business records exception to the hearsay rule. The judgment of the trial court is affirmed.

On March 12, 1997, a Peculiar, Missouri police officer arrested Mr. Threlkeld for driving while intoxicated. Mr. Threlkeld consented to a breathalyzer test, and the test showed a blood alcohol content of .141 percent. Following an administrative hearing, the Director revoked Mr. Threlkeld's driving privileges. Thereafter, Mr. Threlkeld filed a petition for trial de novo in the circuit court. Following a trial, the court found that the arresting officer had probable cause to arrest Mr. Threlkeld and that he had a blood alcohol content of .10 percent or more. The court sustained the Director's revocation of Mr. Threlkeld's driving privileges. This appeal followed.

■ In Mr. Threlkeld's sole point on appeal, he claims that the trial court erred in admitting the manufacturer's certificate of analysis for the simulator solution used to test the accuracy of the breathalyzer machine under the business records exception to the hearsay rule. He argues that the certificate was not a business record of the Peculiar Missouri Police Department because it was not prepared by the police department in its regular course of business. Mr. Threlkeld claims that without introduction of the certificate, the Director could not have proved that the breathalyzer test administered was reliable and, therefore, that his blood alcohol content was .10 percent or greater.

■ In a court-tried case, the judgment of the trial court must be affirmed unless it is not supported by substantial evidence, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The Director has the burden at a trial de novo to prove by a preponderance of the evidence that (1) the arresting officer had probable cause to arrest the driver for driving while intoxicated, and (2) at the time of arrest, the driver's blood alcohol content was .10 percent or greater. *Whitworth v. Director of Revenue*, 953 S.W.2d 142, 143 (Mo.App. E.D.1997). In this case, Mr. Threlkeld stipulated that the arresting officer had probable cause to arrest him. The remaining issue, therefore, is whether the Director proved by a preponderance of the evidence that at the time of arrest, Mr. Threlkeld's blood alcohol content was .10 percent or greater.

■ To establish a foundation for admission of breathalyzer test results, the Director must show that the test was performed (1) by following the approved methods and techniques of the Department of Health, (2) by an operator holding a valid permit, and (3) on equipment and devices approved by the Department of Health. *Cappiello v. Director of Revenue*, 895 S.W.2d 624, 626 (Mo.App. E.D. 1995). In this case, the Director introduced into evidence a maintenance report for the breathalyzer machine which included a manufacturer's certificate of analysis for the simulator solution used to calibrate the machine. The arresting officer testified that the maintenance report was made in the regular course of his duties and as required by the Department of Health. He also testified that he received the certificate of analysis from the manufacturer with the solutions he used to calibrate the breathalyzer machine. Mr. Threlkeld objected to the admission of the certificate of analysis on hearsay grounds, but his objection was overruled and the certificate was admitted.

■ Section 490.680, RSMo 1994, provides a statutory exception to the hearsay exclusionary rule. § 490.680, RSMo 1994; *Dickerson v. Director of Revenue*, 957 S.W.2d 478, 480 (Mo.App. E.D.1997). It allows the admission of business records if the custodian of the records or other qualified witness attests to the records' identity and

mode of preparation. *Id.* Missouri Department of Health regulation 19 CSR 25–30.051 addresses certificates of analysis. Entitled "Standard Simulator Solutions," the regulation defines the standard simulator solutions to be used in verifying and calibrating breath analyzers. 19 CSR 25–30.051. Subsections (1) and (2) of the regulation provide that standard simulator solutions shall be certified by the supplier and set certain parameters such as ethanol concentrations. 19 CSR 25–30.051(1) and (2); *Vilcek v. Director of Revenue,* 974 S.W.2d 602, 603–04 (Mo.App. E.D.1998). Nineteen CSR 25–30.051 further provides:

> (3) The certificate shall include the name of the supplier, the lot or batch number of solution, the ethanol concentration in aqueous solution, and the expiration date. Evidence of that certificate shall accompany the maintenance report in the form of writing on the maintenance report the supplier of the solution, the ethanol in vapor concentration, lot or batch number, and the expiration date. A photocopy of that certificate shall be attached to the maintenance report.

> (4) Maintenance reports completed on or after March 26, 1996, and prior to the effective date of this rule [September 1, 1997] shall be considered valid under this rule if a certificate of analysis was supplied with the simulator solution. Maintenance reports completed prior to March 26, 1996, shall be considered valid under this rule if done in compliance with the rules in effect at the time the maintenance report was conducted.

19 CSR 25–30.051(3) and (4). Under 19 CSR 25–30.051, the Director is required only to demonstrate (1) the police department used a solution certified by the solution's manufacturer in calibrating the breath analysis machine and (2) the police department attached proof of the manufacturer's certification to the maintenance report submitted to the Department of Health. 19 CSR 25–30.051; *Vilcek,* at 604; *Overmann v. Director of Revenue,* 975 S.W.2d 183 185–86 (Mo.App. E.D. 1998); *Dickerson,* 957 S.W.2d at 480–481. To make the required demonstration, the Director need only offer the testimony of a representative of the police department to demonstrate that the department complied with the requirements of 19 CSR 25–30.051. *Dickerson,* 957 S.W.2d at 481.

In this case, the Director offered the maintenance report with the certificate of analysis attached and the testimony of the arresting officer to demonstrate that the police department had complied with the requirements of 19 CSR 25–30.051. The officer testified that the maintenance report, which was completed on February 28, 1997, was made in the regular course of his duties as a police officer. He also stated that he received the certificate of analysis from the manufacturer of the solutions he used to calibrate the breathalyzer machine. Under the business records as evidence law, the certificate of analysis from the solution's manufacturer was admissible to demonstrate the department's compliance with the Department of Health regulation. *Vilcek,* at 604; *Overmann,* at 185–86; *Dickerson,* 957 S.W.2d at 481. The trial court, therefore, did not err in admitting the certificate. Point denied.

The judgment of the trial court is affirmed.

All concur.