**Lori Ann BUTTS, Plaintiff/Respondent,**

**v.**

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Defendant/Appellant.**

**No. 73405.**

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 17, 1998.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for appellant.

Susman, Schermer, Rimmel & Shifrin, L.L.C., Cordell Siegel, Julie L. Siegel, St. Louis, for respondent.

JAMES A. PUDLOWSKI, Presiding Judge.

Lori Ann Butts (Butts) sought reinstatement of her driving privileges following suspension by the Director of Revenue (Director) pursuant to Section 302.505 RSMo 1994.[1] The court ordered reinstatement of

1. All statutory references are to RSMo.1994.

her driving privileges and the Director appeals. We reverse and remand.

A city of Chesterfield police officer stopped Butts's speeding car at approximately 9:45 p.m. on January 22, 1997. Butts swerved off the road and then suddenly stopped. The officer immediately smelled the odor of an intoxicating beverage on her breath and noticed her speech was slurred. Butts stated she consumed one drink.

As the officer asked Butts to exit her vehicle, she lost her balance and fell in the direction of traffic. Butts then failed the horizontal gaze nystagmus field sobriety test, was placed under arrest for driving while intoxicated, and transported to the station. At the station, Butts consented to a breath test to determine her blood alcohol content (BAC). The test result indicated she had BAC of .116% and the Director suspended Butts's driving privileges pursuant to Section 302.505.

Butts filed an application for administrative review of the Director's action. The administrative hearing officer sustained the suspension. Butts then was granted her April 2, 1997 request for trial de novo. At trial, the commissioner granted the Director's request for admission of the Department of Revenue records per Business Records exception Section 490.692. The commissioner found the breathalyzer results inadmissible inasmuch as the RepCo Certificate of Analysis (Certificate) contained hearsay, specifically the results of analysis performed by an independent laboratory. The court adopted the commissioner's findings and ordered Butts's driving privileges reinstated. The Director appeals. We reverse and remand.

■ The court's judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). At trial, the Director had the burden to show by a preponderance of the evidence that (1) the arresting officer had probable cause to arrest Butts for driving while intoxicated; and (2) that Butts's BAC was at least .10% at the time of the arrest. *Whitworth v. Director of Revenue*, 953 S.W.2d 142, 143 (Mo.App. E.D. 1997).

■ The Director first argues the appropriate foundation for introduction of the breathalyzer test results was met and, therefore, the court misapplied the law in finding the certificate of analysis excludable hearsay. To establish a foundation for admission of breathalyzer test results, the Director must demonstrate the test was performed: (1) by following the approved methods and techniques of the Department of Health, (2) by persons holding a valid permit and (3) on equipment and devices approved by the Department of Health. *Rogers v. Director of Revenue*, 947 S.W.2d 475, 477 (Mo.App. E.D. 1997).

■ The Director relies on Department of Health rule 19 CSR 25–30.050(4) which provided at the time of the trial de novo:

Approved standard simulator solutions used to verify and calibrate breath analyzers shall be certified by the manufacturer of that solution, and evidence of such certification shall accompany the maintenance report.

Here, the Certificate stated that "random samples of Lot number 95008 of Alcohol Certified Solution for simulator were analyzed by an independent laboratory...." The court found the Certificate contained hearsay because it reported results of an analysis performed by an independent laboratory. This court has recently addressed the hearsay issue, and decided that under 19 CSR 25–30.050(4) the Director is only required to demonstrate that the police department: (1) used a solution certified by the solution's manufacturer in calibrating the breathalyzer; and (2) attached proof of the manufacturer's certification to the maintenance report the police department submitted to the department of health. *Overmann v. Director of Revenue*, 975 S.W.2d 183, 185–86 (Mo.App. E.D.1998). The Director correctly argues the manufacturer is not required to analyze the solution and, therefore, the court's finding that an independent laboratory performed analysis of random samples of the solution does not alone prevent the Certificate's admission into evidence.

■ The court properly concluded the Certificate contained hearsay, but Section 490.680 provides a statutory exception to the hearsay exclusionary rule by allowing admission of business records if the custodian of the record or other qualified witness establishes a proper foundation by attesting to the records's identity and mode of preparation. *Dickerson v. Director of Revenue*, 957 S.W.2d 478, 480 (Mo.App. E.D.1997). Butts maintains this Section is inapplicable because there is double hearsay in that the Certificate contains statements from the manufacturer of the solution as well as the police department. The Certificate was offered at trial by a qualified police officer who attested to its identity and mode of preparation. Under 19 CSR 25–30.050(4), the Director only has to offer the testimony of a representative of the police department to demonstrate the department complied with the provisions. *Id.* at 481. The Certificate should be admissible to demonstrate the police department complied with the requirements of 19 CSR 25–30.050(4). Because we find the Certificate admissible under 19 CSR 25–30.050(4), the Director's alternative argument for admissibility need not be addressed.

An argument not raised, yet relevant to recent cases, is that the Certificate does not show RepCo is the manufacturer of the solution. The rule requires the solution be "certified by the manufacturer of that solution." 19 CSR 25–30.050(4). The Certificate itself does not demonstrate RepCo is a manufacturer; however, a police officer's testimony stated RepCo was the manufacturer of said solution.

■ The Director concludes by arguing the court's decision to set aside Butts's driving privilege suspension under Section 302.505 was against the weight of the evidence in that there was probable cause and that Butts's BAC was at least .10% by weight. Since the Certificate should have been admissible, there was evidence that Butts's BAC was at least .10%. We also find that the officer had probable cause to arrest Butts based on testimony and her failure of the field sobriety test.

The judgment is reversed and remanded.

WILLIAM H. CRANDALL, Jr., Judge, and CLIFFORD H. AHRENS, Judge, concur.