Scott J. BRAMER, Plaintiff/Respondent,

v.

DIRECTOR OF REVENUE,
Defendant/Appellant.

No. ED 73568.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 22, 1998.

Jeremiah W (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for appellant.

Timothy F. Devereux, Clayton, for respondent.

JAMES A. PUDLOWSKI, Presiding Judge.

Scott J. Bramer (Bramer) sought reinstatement of his driving privileges after the Director of Revenue (Director) suspended them pursuant to Section 302.505, RSMo 1994. The circuit court reinstated his privileges and Director appeals. We reverse and remand.

The trial on Bramer's petition for reinstatement was held on September 9, 1997. At trial, a St. Louis County police officer testified that he stopped Bramer's car for

weaving and crossing the yellow line on February 9, 1997. The officer smelled a moderate odor of intoxicating beverage on Bramer's breath. Bramer spoke slowly and his speech was slurred. The officer asked Bramer to perform several field sobriety tests and the results indicated to the officer that Bramer was intoxicated. At the police station, Bramer consented to a breath test.

At trial, Director offered Exhibits B, C and D, business records from the St. Louis County police department. The records were certified by an affidavit from the department's custodian of records. The exhibits contained the breath test results for Bramer, the breathalyzer operator's permit, the Datamaster maintenance report, a certificate of analysis from RepCo Marketing, Inc. and the permit of the officer maintaining the breathalyzer. Bramer objected to the admission of the exhibit and was allowed to file a post-trial memorandum stating his objections. Bramer presented no testimony or evidence.

On October 23, 1997, the commissioner entered findings and recommendations. The commissioner found that the records would be admitted with the exception of the certificate of analysis because it contained double hearsay and consequently, Bramer's breath test results were excluded due to a lack of proper foundation. The commissioner recommended that Bramer's driving privileges be reinstated. The circuit court adopted and confirmed the findings and recommendations of the commissioner. Director appeals.

■ On appeal, Director argues the trial court erred in refusing to admit the certificate of analysis and breath test results and further, the trial court's decision to reinstate Bramer's license is against the weight of the evidence.

■ The court's judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). At the trial

de novo, the Director had the burden of showing by a preponderance of the evidence that: (1) the arresting officer had probable cause to arrest Bramer for driving while intoxicated; and (2) that Bramer's BAC was at least .10 percent at the time of his arrest. *Whitworth v. Director of Revenue*, 953 S.W.2d 142, 143 (Mo.App. E.D.1997). When the Director makes a prima facie case, the burden then shifts to the driver to present evidence to rebut the prima facie case by a preponderance of the evidence. *Green v. Director of Revenue*, 961 S.W.2d 936, 938 (Mo.App. E.D.1998). To establish a foundation for admission of the breathalyzer test results, Director must demonstrate that section 577.020 was followed in that the test was performed: (1) by following the approved methods and techniques of the Department of Health; (2) by persons holding a valid permit; and (3) on equipment and devices approved by the Department of Health. *Rogers v. Director of Revenue*, 947 S.W.2d 475, 477 (Mo.App. E.D.1997).

Director argues the trial court erred in excluding the certificate of analysis on the basis it was hearsay. In response, Bramer contends the certificate of analysis is hearsay and further, reiterates his argument from the trial that Director failed to lay a sufficient foundation for the admission of the breath test results because the certificate fails to comply with Department of Health regulation, 19 CSR 25–30.051(1) and (3).[1] Bramer claims the certificate of analysis fails to comply because it fails to show: (1) the .1210 g/dl ethyl alcohol concentration; (2) that RepCo is the supplier of the simulator solution; (3) a third digit standard of .100; (4) the ethanol concentration is an aqueous solution; and (5) the vapor alcohol value.

These issues fall within the parameters of two recent cases recently handed down by this court which addressed the identical issues: *Tate v. Director of Revenue*, 982 S.W.2d 724 (Mo.App. E.D., 1998) and *Trumble v. Director of Revenue*, No. 73665, —— S.W.2d ——, 1998 WL 813385 (Mo.App. E.D., filed Nov. 24, 1998). In both cases, we

---

1. This regulation became effective September 1, 1997, after Bramer's arrest but prior to his trial. We review under this rule. *Vilcek v. Director of* *Revenue*, 974 S.W.2d 602, 604 (Mo.App. E.D. 1998).

first applied the decision in *Overmann v. Director of Revenue*, 975 S.W.2d 183 (Mo. App. E.D.1998) to find the Uniform Business Records as Evidence Law, section 490.680, RSMo 1994, provided an exception to the hearsay rule for the admission of the certificate of analysis if the guidelines of that law were followed. *Tate*, at 727; *Trumble*, slip op. at 4–5, at —— —— ——. We also held that Director laid a proper foundation for the admission of the certificate of analysis and breath test results by demonstrating the certificate complied solely with subsection (4) of 19 CSR 25–30.051, which provides maintenance reports completed on or after March 26, 1996, but before September 1, 1997, are valid simply if a certificate of analysis was provided with the solution. *Tate*, at 728; *Trumble*, slip op. at 7, at ——.

In the present case, the maintenance report was completed on January 12, 1997. The Director properly included in the certified business records the certificate of analysis provided with the lot number of simulator solution used to calibrate the breathalyzer that tested Bramer as required by 19 CSR 25–30.051(4). Applying the reasoning in *Tate* and *Trumble*, Director established the proper foundation for the admission of the business records in question. We find no facts in the case at hand to distinguish it from those in *Tate* and *Trumble*. Therefore, the trial court erroneously applied the law and abused its discretion in refusing to admit the certificate of analysis and breath test results.

With the admission of the test results, the record indicates Director satisfied her burden of proving a prima facie case. Bramer counters that the trial court could have found there was no probable cause of his arrest, pointing out that he contested this issue at trial and in his post-trial memorandum to the court. However, in its judgment, the court expressly found there was probable cause to arrest Bramer. Therefore, Bramer's argument is without merit. Accordingly, the trial court's judgment is against the weight of the evidence and not supported by substantial

evidence. We reverse the trial court's judgment and remand for the trial court to enter judgment reinstating the suspension of Bramer's license.

WILLIAM H. CRANDALL, Judge, and CLIFFORD H. AHRENS, Judge, concur.