**Ralph J. VOSSMEYER, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

No. 74519.

Missouri Court of Appeals,
Eastern District,
Division Five.

May 4, 1999.

---

2. All statutory references are to RSMo 1986 unless otherwise indicated.

Jeremiah W. (Jay), Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for appellant.

Bernard Edelman, Clayton, for respondent.

KAROHL, Judge.

Appellant, the Director of Revenue (Director), appeals judgment reinstating the driving privileges of respondent, Ralph J. Vossmeyer, after Director suspended the privileges pursuant to Section 302.505 RSMo Cum. Sup.1997. We reverse and remand.

Director suspended the driving privileges after Vossmeyer was arrested for driving while intoxicated. After an admin-istrative hearing, Director upheld the suspension and driver petitioned for a trial de novo pursuant to Section 302.535 RSMo Cum. Sup.1997.

During the de novo hearing, Director offered a certificate of analysis, which the court rejected after finding it "does not comply with the Dept. of Health Requirements as set out in 19–CSR 25–30.051." In the absence of that evidence, the Director failed to make a prima facie case. *Green v. Director of Revenue*, 961 S.W.2d 936, 938 (Mo.App. E.D.1998).

Director's point on appeal argues: (1) 19 CSR 25–30.051, subsequently replaced, required proof "that a solution certified by the supplier was used to calibrate the breath analyzer;" or, (2) the certificate was valid because it included the name of the supplier of the solution, the lot number, the ethanol in vapor concentration within the range of values prescribed by the rule, and the expiration date, all of which was also included in an attached maintenance report. Vossmeyer did not file a brief with this court.

■ When the Director offered the documents necessary to prove blood alcohol content, Vossmeyer objected only on the grounds that the documents constituted double hearsay and the information failed to comply with the "emergency rule" contained in 19 CSR 25–30.051. The double hearsay objection was without merit. The documents were admissible as business records. *Overmann v. Director of Revenue*, 975 S.W.2d 183, 186 (Mo.App. E.D. 1998).

The second objection was based on Vossmeyer's contentions that: (1) the rule requirements for simulator solutions were not met in the certificate; (2) the certificate did not refer to a vapor alcohol concentration in aqueous solution; and, (3) the certificate does not give the required vapor alcohol value.

■ The issue is whether the documents offered, as exhibits, satisfied the requirements of 19 CSR 25–30.051, effec-

tive September 1, 1997 through February 27, 1998. The certificate included all required information. Subsection 1 requires a test using a simulator solution "to have an ethanol, in aqueous solution, concentration of 0.1210 g/dl ± 3% (wt./vol.). This solution shall produce a vapor alcohol value of 0.100% ± 3% when heated to 34° ± 0.2° Celsius in a simulator." The documents supported a finding that the manufacturer certified use of a test solution composed of ethanol and distilled water, containing "0.1213 percent gms/dl wt./vol. ethyl alcohol." The certified value is within 3% of .1210 as required and the test was performed with an alcohol in an aqueous (water) solution.

When we consider the plain meaning of the words in the rule, the certificate complied. *See Delta Air Lines, Inc. v. Director of Revenue*, 908 S.W.2d 353, 356 (Mo. banc 1995); and, *Mullins v. Director of Revenue*, 946 S.W.2d 770, 771 (Mo.App. E.D.1997). Accordingly, the court erred in rejecting Director's exhibits. We reverse and remand with direction that the court admit the exhibits and enter a new judgment on the basis of all the evidence.

ROBERT G. DOWD, Jr., C.J. and MOONEY, J. concur.