**Kevin Michael MARR, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

No. 68566.

Missouri Court of Appeals,
Eastern District,
Division One.

April 9, 1996.

Jeremiah W. (Jay) Nixon, Attorney General, James A. Chenault, III, Sp. Assistant Attorney General, Mo. Dept. of Revenue, Jefferson City, for appellant.

Kevin Michael Marr, St. Louis, pro se.

KAROHL, Judge.

Director of Revenue (Director) appeals from judgment in favor of licensee, setting aside a revocation of his driver's license. Director argues the court erred in not admitting results of a breath test as a failure of discovery sanction. Licensee filed no brief. Reversed and remanded.

After licensee's driving privilege was revoked, pursuant to § 302.500–.541 RSMo 1994, he filed a petition for a trial de novo. The trial court reversed the ruling and reinstated the license. The court found the arresting officer did have probable cause to arrest licensee, but there was no evidence to support a finding he had a blood alcohol content of .10% or more by weight.

During discovery licensee made the following Requests for Admission:

3. Admit that the operational checklist of the breath analyzer machine given Petitioner mandates that the test take approximately three (3) minutes.

4. Admit that the test given Petitioner on the date in question took less than three (3) minutes.

Director denied both 3 and 4. The trial court accepted licensee's objection to test results as follows:

MR. WESTHUS: Judge, Exhibit C indicates that there was a blank test that started at 2:15, 02:15. And then the verification of my client then, sometime seconds later, started at 2:15. And the subject sample was printed out at 2:18. That is less than three minutes, if my grade school addition is correct. The blank test then is reinserted at 2:19. So the portion of the test that my client took started at 2:15 and ended at 2:18, and there was a blank test inserted. The addition of that comes to less than three minutes.

THE COURT: Counselor, I'm not—I'm not quite understanding your reasoning on that. Would you go over that again for me?

MR. WESTHUS: When they—When the officer does the test, he puts in a sample. And that's indicated by the blank test.

MS. LAMERE: I object. He's—He's testifying. There is no testimony as. far as that goes.

THE COURT: Well, he's testifying from Exhibit C. Continue on. Overruled. Continue on, Counselor.

MR. WESTHUS: Okay. The officer—A blank test is there. I assume that the officer will testify—I've tried a number of these, Judge. I'm sure you have. And if you'll recall, the officer testifies that they put a sample in there.. That's indicated by blank test, to show that the machine clears itself. Then they have their—their amount in there of which they compare with the defendant's breath, the initial standard. Okay. They have their sample in there. Then the defendant blows into the machine and it reads out something shortly thereafter.

In this case it was verified of the sample in the machine at 2:15, and at 2:18 they give a reading. Then there's another blank test to show that the machine is operating properly at 2:19. I am testifying—Not testifying. I am arguing from my understanding and my hearing of what police officers who have the Type III have testified to hundreds of times.

THE COURT: And you—Counselor, your argument is that this took less than three minutes?

MR. WESTHUS: Well, that's what—that's what they show. My argument is I asked them on request for admissions, does it take less than three minutes. They say no. But the addition and subtraction of these numbers shows that it took less than three minutes. And now they're trying to introduce that, and they told me that

it didn't. And that's the basis of my objection.

In this court tried case: "The decree or judgment of the trial court will be sustained by the appellate court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). "The trial court's ruling on admissibility of evidence is accorded substantial deference and will not be disturbed, absent an abuse of discretion." *Brown v. Hamid*, 856 S.W.2d 51, 56 (Mo. banc 1993).

In his sole point, Director argues the court erred in not admitting the results of the breath test because: 1) he laid a proper foundation for admission of the breath test results; 2) he accurately denied the test took less than three minutes; and 3) the amount of time taken by the test is irrelevant.

Defendant's attorney correctly quoted the test record. A blank test occurred at 2:15; the verification of licensee's breath began at 2:15. The subject sample was printed out at 2:18. Another blank test occurred at 2:19.[1] Defense counsel concluded the test took less than three minutes by subtracting 2:15 from 2:18. He argued this result was contrary to the Director's pre-hearing denial, leaving him unprepared with a defense. However, if the verification started at 2:15 and continued during 2:16, and 2:17, and finished at 2:18, it is possible the test took more than three, but less than four minutes. If it began at 2:15 and 10 seconds and concluded at 2:18 and 20 seconds, the test required three minutes and 10 seconds. Thus, Director's denial the test took less than three minutes was not a factual error or misleading response which justified exclusion of the otherwise probative test result. There was no claim of prejudice from concealment or surprise. Moreover, there is no requirement for exclusion of the results of the test if it required more than three minutes to administer. The court abused its discretion in excluding the test results described in Director's offer of proof.

---

1. Test results are reported in minutes, not seconds. Thus, no breakdown of a minute is avail-

We reverse the judgment and remand for retrial.

REINHARD, P.J., and GRIMM, J., concur.