Mary R. KAFOURY,
Petitioner/Respondent,

v.

DIRECTOR OF REVENUE,
Respondent/Appellant.

No. 73680.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 22, 1998.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for appellant.

Timothy F. Devereux, Clayton, for respondent.

KATHIANNE KNAUP CRANE, Judge.

The Director of Revenue (Director) appeals from the circuit court judgment reinstating petitioner's driving privileges after a trial de novo. We reverse and remand.

On December 28, 1996, a Missouri Highway Patrolman was travelling westbound on Olive Boulevard in St. Louis County when he observed a vehicle driven by petitioner braking and accelerating for no apparent reason. The officer observed petitioner repeatedly drive onto the right shoulder of the road and back into the proper lane. The officer stopped the vehicle and approached petitioner to explain his reason for stopping her. The officer noticed a half empty bottle of liquor behind the driver's seat and detected

the odor of an alcoholic beverage on petitioner's breath. Petitioner admitted that she had been drinking. The officer then performed three field sobriety tests. Based on petitioner's erratic driving, the odor of alcohol on her breath, her performance on the field sobriety tests, and her similarity to other intoxicated drivers he had arrested, the officer arrested petitioner for driving while intoxicated. At the police station, petitioner consented to a breath analyzer test and the test showed petitioner's blood alcohol content was .204 percent.

Director suspended petitioner's license pursuant to Section 302.505 RSMo (1994). Petitioner requested an administrative hearing and the hearing officer sustained the suspension of her driver's license. Petitioner then filed a petition for trial de novo with the circuit court.

At the trial de novo, Director submitted the case on Missouri Highway Patrol and Department of Revenue business records. The Missouri Highway Patrol business records were certified by an affidavit from the highway patrol custodian of records. The highway patrol records included breath analyzer evidence tickets, a maintenance report for Datamaster breath analyzer number 940220, a certificate of analysis from RepCo Marketing, Inc. for samples of Alcohol Certified Solution lot number 96003, and the permit of the individual authorized to maintain and operate the breath analyzer. The Department of Revenue business records were certified by an affidavit from the Department's custodian of records. The Department's business records included petitioner's Alcohol Influence Report and breath analyzer test results. The trial court granted petitioner leave to file written objections. While no objections were included in the legal file in this appeal, petitioner apparently objected to admission of the certificate of analysis on grounds the information in the certificate was hearsay. Petitioner presented no evidence in her defense.

On November 4, 1997, the commissioner entered findings and recommendations. The commissioner found that all of the business records except the certificate of analysis and the breath analyzer test results would be admitted into evidence. The certificate of analysis was excluded from evidence based on the commissioner's finding it contained double hearsay. The commissioner recommended petitioner's driving privileges be reinstated. The circuit court adopted and confirmed the commissioner's findings and recommendations. Director appeals.

■ We affirm the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). "The trial court's ruling on the admissibility of evidence is accorded substantial deference and will not be disturbed absent an abuse of discretion." *Marr v. Director of Revenue*, 920 S.W.2d 123, 125 (Mo.App.1996).

■ At the trial de novo the Director had the burden of proving, by a preponderance of the evidence, that (1) the driver was arrested on probable cause that she was driving in violation of an alcohol-related offense, and (2) at the time of the arrest, the driver's blood alcohol content was .10 percent or greater. *Green v. Director of Revenue*, 961 S.W.2d 936, 938 (Mo.App.1998). When the Director makes a prima facie case, the burden shifts to the driver to establish that her blood alcohol content was not at least .10 percent when she was driving. *Id.*

■ In order to establish a prima facie foundation to admit evidence of a breath analyzer test, the Director had to demonstrate that the testing methods set out in Section 577.020 RSMo (Cum.Supp.1997) were followed in that the test was performed (1) according to techniques and methods approved by the Department of Health, (2) by persons possessing a valid permit, and (3) using equipment and devices approved by the Department. *Brussel v. Director of Revenue*, 962 S.W.2d 454, 456 (Mo.App.1998).

On appeal, Director argues that the certificate of analysis was admissible under Department of Health regulation 19 CSR 25–30.050(4). However, as Director recognized in her reply brief, 19 CSR 25–30.051, a Department of Health regulation providing

standards police departments must comply with in verifying and calibrating breath analyzers, became effective after petitioner's arrest but prior to her trial. Regulations concerning procedural rules apply retrospectively and therefore, we review under 19 CSR 25–30.051. *Vilcek v. Director of Revenue*, 974 S.W.2d 602, 604 (Mo.App. 1998).

At the time of petitioner's trial, 19 CSR 25–30.051 provided in relevant part:

Standard Simulator Solutions

PURPOSE: This rule defines the standard simulator solutions to be used in verifying and calibrating breath analyzers.

(1) Standard simulator solutions, used to verify and calibrate evidential breath analyzers at the 0.10% or 0.100% level, shall be certified by the suppliers of that solution to have an ethanol, in aqueous solution, concentration of 0.1210 g/dl ± 3% (wt./vol.). This solution shall produce a vapor alcohol value of 0.100% ± 3% when heated to 34° ± 2° Celsius in a simulator.

(2) Standard simulator solutions, used to verify and calibrate evidential breath analyzers at the 0.04% or 0.040% level, shall be certified by the suppliers of that solution to have an ethanol, in aqueous solution, concentration of 0.0484 ± 5% (wt./vol.). This solution shall produce a vapor alcohol value of 0.040% ± 5% when heated to 34° ± 2° Celsius in a simulator.

(3) The certificate shall include the name of the supplier, the lot or batch number of solution, the ethanol concentration in aqueous solution, and the expiration date. Evidence of that certification shall accompany the maintenance report in the form of writing on the maintenance report the supplier of the solution, the ethanol in vapor concentration, lot or batch number, and the expiration date. A photocopy of that certificate shall be attached to the maintenance report.

(4) Maintenance reports completed on or after March 26, 1996, and prior to the effective date of this rule [September 1, 1997] shall be considered valid under this rule if a certificate of analysis was supplied with the simulator solution.

We recently considered the admissibility of certificates of analysis under 19 CSR 25–30.051 in *Tate v. Director of Revenue*, 982 S.W.2d 724 (Mo.App.1998) and *Trumble v. Director of Revenue*, —— S.W.2d ——, 1998 WL 813385, No. 73665, slip op. (Mo.App. Nov. 24, 1998). In those cases, we relied on our decision in *Overmann v. Director of Revenue*, 975 S.W.2d 183 (Mo.App.1998), in holding that the Uniform Business Records as Evidence Law, Section 490.680 RSMo (1994) [1], provided a statutory exception to the hearsay rule and allowed admission of certificates of analysis where the custodian of the certificate or other qualified witness testified, or by affidavit attested, that the certificate was kept as required under Section 490.680. *Tate*, 982 S.W.2d at 727; *Trumble*, —— S.W.2d at ——, slip op. at 4. In *Tate* and *Trumble*, we concluded that a certificate of analysis properly attested to by the records custodian of the certificate was admissible to demonstrate that the police department complied with the requirements of 19 CSR 25–30.051 in maintaining its breath analyzer. *Tate*, 982 S.W.2d at 727; *Trumble*, —— S.W.2d at ——, slip op. at 4–5. We held that, because Director demonstrated that the police department complied with the Department of Health guidelines in maintaining its breath analyzer, the Director laid a proper foundation for admission of the breath analyzer test results. *Tate*, 982 S.W.2d at 727; *Trumble*, —— S.W.2d at ——, slip op. at 4–5.

■ Here, the certificate of analysis submitted as a business record of the highway patrol was accompanied by an affidavit of the highway patrol custodian of records. The custodian's affidavit substantially followed the form and content of the affidavit set out in Section 490.692 RSMo (1994) and provided that the records attached to the affidavit were kept as required by Section 490.680.

---

1. Section 490.680 provides: "A record of an act, condition or event, shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission."

Therefore, the certificate of analysis Director submitted was admissible as a business record to demonstrate that the police department conducted petitioner's breath analyzer test in compliance with Department of Health guidelines and Director laid a proper foundation for admission of the test results under Section 577.020.

An argument not apparently raised at trial, but relevant to the admissibility of the certificate at issue, is the certificate's compliance with 19 CSR 25–30.051. In *Tate* and *Trumble* we found that the technical requirements for maintenance reports and accompanying certificates of analysis set out in subsections (1) through (3) of 19 CSR 25–30.051 did not apply to maintenance reports completed on or after March 26, 1996, but before September 1, 1997 under subsection (4) of the regulation. *Tate*, 982 S.W.2d at 728; *Trumble*, —— S.W.2d at ——, slip op. at 7. We further held that, for those maintenance reports completed within the dates set out in subsection (4), the Director demonstrated compliance with Department of Health guidelines by providing a maintenance report accompanied by the certificate of analysis supplied with the simulator solution. *Tate*, 982 S.W.2d at 728; *Trumble*, —— S.W.2d at ——, slip op. at 7.

Here, the maintenance report Director submitted as a business record of the highway patrol was completed on December 1, 1996 and was accompanied by a certificate of analysis for the simulator solution employed in calibrating the breath analyzer used in petitioner's breath test. Both the maintenance report and the certificate of analysis were attested to by the highway patrol records custodian under Section 490.692 and were admissible as business records. Therefore, Director demonstrated compliance with Department of Health guidelines set out in 19 CSR 30.051 and laid a proper foundation for admission of petitioner's breath analyzer test results under Section 577.020.

Because the certificate of analysis was admissible as a business record and because the certificate of analysis was not excludable for any failure to comply with the requirements of 19 CSR 25–30.051, Director proved that the testing methods mandated by Section 577.020 were followed and established a prima facie foundation for admission of petitioner's breath analyzer test results. The trial court erroneously applied the law and abused its discretion in excluding the certificate of analysis and breath test results.

If the test results had been properly admitted, Director would have satisfied her burden of proving a prima facie case. Petitioner presented no evidence. We reverse the trial court's judgment and remand for the trial court to enter judgment reinstating the suspension of petitioner's license.

PAUL J. SIMON, P.J. and LAWRENCE E. MOONEY, J., concur.