Eleanor M. DEVEREUX, Respondent,

v.

DIRECTOR OF REVENUE, Appellant.

No. 74298.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 23, 1999.
Rehearing Denied May 5, 1999.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for appellant.

Timothy F. Devereux, Clayton, for respondent.

GARY M. GAERTNER, Judge.

Appellant, Director of Revenue ("Director"), appeals the judgment of the Circuit Court of St. Louis County reinstating the driving privilege of respondent, Eleanor M. Devereux ("driver"), after a trial de novo pursuant to RSMo section 302.535 (Cum.Supp.1998). We reverse and remand.

On August 22, 1997, a Town and Country police officer stopped driver's vehicle for failing to stop at a stop sign. After approaching driver, the officer smelled an odor of an alcoholic nature on her breath and noticed her eyes were watery and bloodshot. Driver admitted she had been drinking. The officer then asked driver to perform several field sobriety tests, the results of which indicated driver was intoxicated.

The officer arrested driver for driving while intoxicated and took her to the police station where she consented to a breath test. The test result showed driver had a blood alcohol concentration of .112%. Subsequently, Director suspended driver's driving privilege pursuant to RSMo section 302.505 (Cum.Supp.1998), for driving with a blood alcohol concentration of at least .10%.

Thereafter, driver filed a petition for a trial de novo in the St. Louis County Circuit Court. At trial, Director moved for the admission of Exhibit D, which contained a maintenance report dated August 8, 1997 and included printouts that accompanied the maintenance report, as well as a copy of a RepCo Marketing certificate of analysis on Lot No. 96004 with the language, "Corrected 01/20/97," at the top. Driver objected to the introduction of those documents and the trial court granted driver time in which to file a memorandum of law, including her objections to the introduction of those documents. The trial court also granted Director time to respond to driver's memorandum. Also at trial, driver introduced several other certificates of analysis on Lot No. 96004 from RepCo Marketing.[1] Driver's objections in her memorandum were based on the following grounds: (1) an alleged lack of probable cause for driver's arrest, (2) the certificate of analysis allegedly contained hearsay, double hearsay, and triple hearsay, and (3) the multiple certificates of analysis introduced by driver.

After the trial de novo and reviewing the parties' post-trial memoranda and exhibits, the trial court found probable cause for driver's arrest, but sustained driver's objections to the certificate of analysis and set aside the suspension. Director appeals.

■■■ The court's judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo.banc 1976). To uphold the suspension of driver's driving privilege, Director had the burden of proving by a preponderance of the evidence that the arresting officer had probable cause for the arrest and further, that driver was driving when his blood alcohol concentration was .10% or more by weight. *Rogers v. Director of Revenue,* 947 S.W.2d 475, 476–77 (Mo.App. E.D.1997). When Director makes a prima facie showing of its burden, then the burden shifts to driver to prove by a preponderance of the evidence that his blood alcohol concentration was not .10% or more at the time he was driving. *Green v. Director of Revenue,* 961 S.W.2d 936, 938 (Mo.App. E.D.1998).

In her points relied on, Director argues the trial court erred in rejecting the certificate of analysis for the simulator solution used to calibrate the breath analyzer and finding driver did not have a blood alcohol concentration of at least .10% because the certificate of analysis and maintenance report were valid under 19 CSR 25–30.051(4). Director further argues the trial court erred in setting aside the suspension or revocation of driver's driving privilege because its decision was against the weight of the evidence. We agree with Director.

---

1. For instance, one certificate showed an expiration date for Lot Number 96004 of "February 18, 1996", while another certificate showed an expiration date for this same lot number of "February 18, 1996", with the "6" having been subsequently changed to an "8" by hand. These certificates are more fully addressed below.

■ To lay a proper foundation for the admission of breath test results, Director had to demonstrate the breath test was performed: (1) by following the approved methods and techniques of the division of health; (2) by a person holding a valid permit; and (3) on equipment and devices approved by the division. *Rogers,* 947 S.W.2d at 477. At issue in this case is whether the trial court erred in rejecting the certificate of analysis, thus finding Director failed to prove driver had a blood alcohol concentration of at least .10%.

■ Nineteen CSR 25–30.051, which addressed certificates of analysis and applied for the standard simulator solutions to be used in verifying and calibrating breath analyzers, became effective on September 1, 1997, which was after driver's arrest but before her trial. Regulations regarding procedural rules apply retrospectively and thus, we review under this revised regulation. *Tate v. Director of Revenue,* at 726–27 (Mo.App.E.D. 1998) (citing *Vilcek v. Director of Revenue,* 974 S.W.2d 602, 604 (Mo.App. E.D.1998); *Mullins v. Director of Revenue,* 946 S.W.2d 770, 772 (Mo.App. E.D.1997)).

At that time, this regulation provided in pertinent part:

(1)Standard simulator solutions, used to verify and calibrate evidential breath analyzers at the 0.10% or 0.100% level, shall be certified by the suppliers of that solution to have an ethanol, in aqueous solution, concentration of 0.1210 g/dl + 3% (wt./vol.). This solution shall produce a vapor alcohol value of 0.100% + 3% when heated to 34 + 0.2 Celsius in a simulator.

. . .

(3)The certificate shall include the name of the supplier, the lot or batch number of solution, the ethanol concentration in aqueous solution, and the expiration date. Evidence of that certification shall accompany the maintenance report in the form of writing on the maintenance report the supplier of the solution, the ethanol in vapor concentration, lot or batch number, and the expiration date. A photocopy of that certificate shall be attached to the maintenance report.

(4)Maintenance reports completed on or after March 26, 1996, and prior to the effective date of this rule shall be considered valid under this rule if a certificate of analysis was supplied with the simulator solution. Maintenance reports completed prior to March 26, 1996, shall be considered valid under this rule if done in compliance with the rules in effect at the time the maintenance report was conducted.

■ Director argues she laid a proper foundation for the admission of the test results because the certificate of analysis and maintenance report were valid under 19 CSR 25–30.051(4). We agree. "In *Tate* and *Trumble* [2] we found that the technical requirements for maintenance reports and accompanying certificates of analysis set out in subsections (1) through (3) of 19 CSR 25– 30.051 did not apply to maintenance reports completed on or after March 26, 1996, but before September 1, 1997 under subsection (4) of the regulation." *Kafoury v. Director of Revenue,* 983 S.W.2d 188, at 191 (Mo.App. E.D. 1998) (citing *Tate,* at 728; *Trumble,* at 819–20.) More specifically, we found:

in subsection (4), the Department of Health provides an exception for reports completed on or before March 26, 1996 until September 1, 1997. For those maintenance reports, if a certificate of analysis was supplied with the simulator solution that is sufficient. *The clear intent of the lawmakers, even while viewing the regulation in its entirety, was to exempt those reports from complying with the technicalities outlined in the prior three subsections.*

*Tate,* at 728. (Emphasis added.)

This court has further held that, "for those maintenance reports completed with-

---

**2.** *Trumble v. Director of Revenue,* 985 S.W.2d   815 (Mo.App.E.D. Nov. 24, 1998).

in the dates set out in subsection (4) of this regulation, the Director demonstrated compliance with the Department of Health guidelines by providing a maintenance report accompanied by the certificate of analysis supplied with the simulator solution." *Kafoury,* at 191 (citing *Tate,* at 728; *Trumble,* at 819–20.)

In this case, the maintenance report was completed on August 8, 1997. Therefore, as this maintenance report was completed between March 26, 1996 and September 1, 1997, the dates set out in subsection (4) of 19 CSR 25–30.051, this case is governed by that subsection. The Director submitted the maintenance report as a business record of the Town and Country Police Department and it was accompanied by a certificate of analysis for the simulator solution utilized in calibrating the breath analyzer used in driver's breath test. The maintenance report and the certificate of analysis were both attested to by the Town and Country records custodian in an affidavit which substantially conforms with the form and content of the exemplar in RSMo section 490.692.3. Applying the reasoning of *Tate, Trumble,* and *Kafoury,* Director proved compliance with the guidelines of the Department of Health provided in 19 CSR 25–30.051 and thus established the proper foundation for the admission of the breath test results at issue.

■ In response, driver contends that Director is arguing for the first time on appeal the application of 19 CSR 25–30.051(4) and that this point is therefore not preserved for appeal. "It is elementary that we will not consider matters raised for the first time on appeal and will not convict the trial court of error on something on which it was not accorded an opportunity to rule." *Bennett v. Kitchin,* 400 S.W.2d 97, 103 (Mo.1966). In this case, a review of the Director's post-trial memorandum of law demonstrates her memorandum was worded specifically enough and in such a manner as to adequately apprise the trial court of the applicability of subsection (4). Therefore, this argument of driver is without merit.

■ Driver also argues the certificate of analysis contains hearsay and is, thus, inadmissible. This court recently addressed the issue of admissibility of certificates of analysis under 19 CSR 25–30.051 in *Tate* and *Trumble.* In *Tate* and *Trumble,* we relied on *Overmann v. Director of Revenue,* 975 S.W.2d 183 (Mo.App. E.D.1998), in holding the Uniform Business Records as Evidence Law, RSMo section 490.680,[3] granted a statutory exception to the hearsay rule and permitted admission of certificates of analysis where the custodian of the certificate or other qualified witness testified, or attested by affidavit, that the certificate was kept as required under RSMo section 490.680. *Kafoury,* at 876–77. In *Tate* and *Trumble,* we decided a certificate of analysis properly attested to by the records custodian of the certificate was admissible to prove the police department adhered to the requirements of 19 CSR 25–30.051 in maintaining its breath analyzer. *Kafoury,* at 190. We further found that, since Director proved the police department complied with the guidelines of the Department of Health in maintaining its breath analyzer, the Director established a proper foundation for admission of the breath analyzer test results. *Kafoury,* at 190.

In the case at bar, the certificate was attached to the maintenance report and offered as a business record of the Town and Country Police Department. Michael DeFoe, the Town and Country Police Department custodian of records, executed an affidavit which substantially conforms with the form and content of the exemplar in RSMo section 490.692.3. Therefore, the records were properly certified as business records and were admissible as an exception to the hearsay rule.

---

3. All statutory references are to RSMo (1994) unless otherwise noted.

█ Driver also points out the certificate of analysis Director had submitted with the maintenance report also includes the language, "Corrected 01/20/97", at the top. Driver contends this is hearsay and triple hearsay because there is no evidence as to (1) why there was a corrected document in lieu of an original, (2) when the document was corrected or came into effect, and (3) who made the correction or how it was made. However, as this court explained in *Meurer v. Director of Revenue*, 984 S.W.2d 873 (Mo.App. E.D. 1999) where the driver raised a similar argument, " ... the fact the certificate was corrected does not render it inadmissible hearsay. The certificate was still offered as a properly certified business record and falls within an exception to the hearsay rule." *Meurer*, at 877–78. Therefore, just as the *Meurer* court found the driver's argument to be without merit, so also do we.

We note driver's other arguments focus on the technical requirements of subsections (1) through (3) of 19 CSR 25-30.051. For instance, as indicated above, driver introduced several other certificates of analysis on Lot No. 96004 from RepCo Marketing, with each one having a different expiration date. Expiration dates are a technical requirement under subsection (3) of 19 CSR 25-30.051. As we noted in *Tate*, *Trumble* and *Kafoury*, these technical requirements do not apply where the maintenance report was completed on or after March 6, 1996, but before September 1, 1997.

As the maintenance report in this case was completed on August 8, 1997, this case is controlled by subsection (4) of 19 CSR 25-30.051. Therefore, applying the rules of *Tate*, *Trumble* and *Kafoury*, the technical requirements for maintenance reports and accompanying certificates of analysis set out in subsections (1) through (3) of 19 CSR 25-30.051 do not apply to the case at bar. Accordingly, driver's arguments here are without merit and we need not address them further.

█ Finally, driver argues in her first point relied on that the trial court did not err in its judgment because the Department of Health has now repealed 19 CSR 25-30.051, as well as an earlier similar regulation, and "[t]his repeal by the very promulgator of these ill-conceived and ill-advised regulations vindicates the trial court's ruling in barring the admission of the breath test." However, driver neither elucidated on nor supported this contention in the argument portion of his brief, nor provided any authority to support this assertion. "Arguments raised in the points relied on which are not supported by argument in the argument portion of the brief are deemed abandoned and present nothing for appellate review." *Luft v. Schoenhoff*, 935 S.W.2d 685, 687 (Mo.App. E.D.1996). Accordingly, driver's argument here is deemed abandoned and there is nothing for us to review.

Based on the foregoing, Director laid a proper foundation for the admission of the breath test results, and the court erred in excluding them. Therefore, the record indicates Director met her burden of proving a prima facie case. Besides the certificates of analysis discussed above, driver offered no evidence rebutting these test results. Therefore, the judgment of the trial court is against the weight of the evidence and not supported by substantial evidence. Accordingly, the judgment is reversed and remanded for the trial court to enter judgment reinstating the suspension of driver's driving privilege.

HOFF, P.J., and RHODES RUSSELL, J., concur.