Joyce Wilma ROBINSON,
Plaintiff/Respondent,

v.

DIRECTOR OF REVENUE,
Defendant/Appellant.

No. ED 74387.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 1, 1999.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for appellant.

Frank M. Hankin, St. Louis, for respondent.

HOFF, Presiding Judge.

The Director of Revenue (Director) appeals from the trial court's judgment setting aside the suspension of Joyce Wilma Robinson's (Driver) driving privilege. Director challenges the trial court's decision that Director failed to prove Driver had a blood alcohol concentration of at least .10% because the certificate of analysis for the simulator solution used to calibrate the breath analyzer failed to comply with Department of Health regulations. We reverse and remand.

On November 7, 1997, Driver was involved in a two-vehicle accident. A Town and Country police officer arrived at the scene of the accident and arrested the driver of the other vehicle for driving while intoxicated. The officer then spoke with Driver and "noticed a strong odor of an intoxicating beverage on her breath and her eyes were bloodshot and glassy." Driver responded affirmatively when the officer asked whether Driver had consumed any alcoholic beverages. The officer asked Driver to perform several field sobriety tests, the results of which indicated to the officer that Driver was intoxicated.

The officer arrested Driver for driving while intoxicated and took her to the police station where she consented to a breath test. The result of Driver's breath test showed her blood alcohol concentration was .146%. Subsequently, Director suspended Driver's driving privilege for driving with a blood alcohol concentration of at

least .10% under Section 302.505 RSMo Cum.Supp.1997.[1]

Driver filed a petition for trial *de novo* in St. Louis County Circuit Court under Section 302.535(1). In April 1998, in lieu of a trial, the parties entered into a stipulation. In this stipulation, the parties agreed the officer had probable cause to arrest Driver for driving while intoxicated. Also, Director offered his records, including his maintenance records on the breath analyzer, to the trial court. Driver objected to the results and maintenance records submitted by Director because the "Repco Certificate of Analysis fails to comport with the language of 19 CSR 25–30.051(1)." The commissioner considering the matter set aside Driver's suspension upon finding Driver did not have a blood alcohol concentration of at least .10% because the certificate of analysis did not comply with Department of Health regulations. The trial court adopted the commissioner's findings and recommendations as the court's judgment. Director appeals from the court's judgment.

The trial court's judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We accord substantial deference to the trial court's rulings on the admissibility of evidence and do not disturb such rulings unless we find an abuse of discretion. *Kafoury v. Director of Revenue*, 983 S.W.2d 188, 189 (Mo.App. E.D.1998).

■ In his first point, Director argues the trial court erred because the certificate of analysis and maintenance report were valid under 19 CSR 25–30.051 in that Director was only required to prove that a solution certified by the supplier was used to calibrate the breath analyzer. Director also argues the certificate of analysis was valid because it certified the simulator solution had an ethanol concentration in aqueous solution within the value identified in the regulation.[2]

Driver responds the certificate of analysis "fails to identify the supplier of the simulator [solution]. Although the certificate [of analysis] is printed on letterhead of RepCo Marketing, nowhere in the body of the certificate [of analysis] does it state that the solution was supplied by RepCo Marketing."

We have resolved these issues in two recent cases, *Meurer v. Director of Revenue*, 984 S.W.2d 873 (Mo.App. E.D.1999) and *Selix v. Director of Revenue*, 985 S.W.2d 380 (Mo.App. E.D.1999). In light of those dispositive opinions, we conclude RepCo was the supplier of the simulator solution and the language RepCo used in its certificate of analysis to certify the simulator solution satisfies 19 CSR 25–30.051(1). A lengthy opinion reiterating the explanations for this holding is not necessary.

■ Driver also urges that, even if we find RepCo is the supplier of the solution, the trial court properly found the certificate of analysis fails to comply with the regulation's requirement that the supplier certify the solution as having the specified alcohol concentration. Driver points out the certificate of analysis states the solution was tested by an "independent laboratory," and therefore, RepCo was not

---

1. All subsequent statutory references are to RSMo Cum.Supp.1997.

2. In relevant part, the certificate of analysis states:

> Random samples of Lot Number 96004 of Alcohol Certified Solution for simulator were analyzed by an independent laboratory utilizing a gas chromatograph and found to contain .1215 gms/dl wt./vol. ethyl alcohol.
>
> The alcohol and distilled water used in the solution were found to be free of any interfering substances.
>
> When used in a calibrated simulator, operating at $34\check{C}$ +/− $.2\check{C}$, this solution will give an alcohol breath test instrument reading of .100 percent BAC +/−3%.

certifying the solution as required by the regulation. We disagree.

Nineteen CSR 25–30.051(1) only requires that the supplier *certify* the simulator solution has "an ethanol, in aqueous solution, concentration of 0.1210 g/dl +/−3% (wt./vol.)." The plain language of the regulation does not require RepCo, the supplier, to test the simulator solution itself, as Driver contends.

Therefore, we find the trial court erred because the certificate of analysis did comply with Department of Health regulations and the evidence showed Driver did have a blood alcohol concentration of at least .10%.

Director's second point raises the issue of the officer's probable cause to stop Driver. Due to our disposition of Director's first point and the parties' stipulation that the officer had probable cause to stop Driver, Director's second point is moot.

Judgment reversed and remanded for the trial court to enter judgment sustaining Director's order suspending Driver's driving privilege.

GARY M. GAERTNER and MARY RHODES RUSSELL, JJ., concur.